G. A. LYMAN *et al.* v. THE FIRST NATIONAL BANK OF SENECA.
### No. 251.

TAXATION—*national bank must pay taxes levied on its shares.* The statute of Kansas in relation to taxation imposes upon national banks the duty of paying the tax assessed against the shareholders therein, and authorizes the treasurer of the county where the bank is situated to issue his warrant therefor in case of the failure of the bank to pay.

Error from Nemaha District Court. Hon. J. F. Thompson, Judge. Opinion filed July 16, 1897. *Reversed.*

*Wells & Wells*, for plaintiffs in error.

*Hayden & Hayden*, for defendant in error.

MAHAN, P. J. This action was brought by the Bank against the Sheriff and his bondsmen to recover money that the Sheriff had collected from the Bank on a tax warrant. The contention of the Bank was and is, that there is no law of the State of Kansas requiring the Bank to pay taxes on the stock of its

shareholders; that where our statute says "shall" pay the taxes of the shareholders, the legislature meant "may"; and that there was no warrant in law for the treasurer issuing any warrant to collect the tax.

The Bank was given judgment for the amount of the tax and interest, and the Sheriff appeals. The only question to be decided is, Does the statute require the Bank to pay the tax?

The Supreme Court of the United States has said, in *National Bank v. Commonwealth* (9 Wall. 353), that the legislature might, under the Act creating national banks, require the Bank to pay. The only question is as to the construction of our statute. Did the Legislature intend that the Bank should pay? It seems to us there can be no doubt about it. Under the Act of Congress, neither the capital stock of the Bank itself, nor the property in which its capital stock is invested, can be taxed, but the shares of stock held by the shareholders can be taxed in the county and State where the Bank is located. This was provided for by the statute.

The contention is that, because the assessment was in the name of the shareholders, furnished by the Bank under the statute, therefore, the Bank is not required to pay but the statute says the Bank shall pay the tax; and the Supreme Court says it is the only means by which non-resident shareholders can be required to contribute their share of the burdens of government, and we are satisfied that the Legislature intended the tax to be levied upon the stock of the shareholders, and to require the Bank itself to pay it, as was done in the case of *National Bank v. Commonwealth*, supra, although the language is different.

It is said in the brief of counsel for defendant in

error that, as against the Government, "shall" always means "may." But this act of the Legislature was not against the State ; it was not imposing any duty or obligation upon the State or any department of the State Government. It was imposing a burden upon a citizen, or corporation occupying the relation of a citizen, and the rule contended for does not apply. When the Legislature says a citizen, or a corporation occupying that relation, shall do a thing, it means "shall" and not "may."

The holding of the court below was erroneous. The tax was properly levied. It was the duty of the Bank to pay it. The treasurer was authorized under the law to issue his warrant against the Bank, and the Sheriff was authorized to seize the property of the Bank in payment of the tax.

The judgment will be reversed, and the case remanded with direction to the lower court to render judgment for the defendants.

McElroy, J., concurring.

Wells, J., having been of counsel, not sitting.