THE FIRST NATIONAL BANK OF SENECA, KANSAS, v. G. A. LYMAN *et al.*

#### No. 10935.

1. TAXES ON SHARES OF STOCKHOLDERS—*warrant for cannot be levied on bank's property*. The statute, section 60, chapter 158, General Statutes 1897, which requires the managing officers of banks to furnish to the assessor a list of their stockholders and the amount and value of their stock, and which declares that such banks shall pay the taxes assessed upon said stock, when construed in connection with other statutes *in pari materia*, does not authorize a levy of tax warrants against the property of the bank to compel payment by it of the taxes due from the delinquent stockholders.

2. DAMAGES FOR CONVERSION—*not mitigated by applying property to use of one against whom the owner might proceed*. One who is guilty of the wrongful conversion of another's property cannot mitigate the damages caused by his act, by applying the property to the use of another against whom the owner has legal recourse for its recovery, but against whom he does not elect to proceed.

Error from the Court of Appeals, Northern Department. Opinion filed May 7, 1898. *Reversed.*

*Hayden & Hayden*, for plaintiff in error.

*Wells & Wells*, for defendants in error.

DOSTER, C. J. Willis Brown, J. C. Snodgrass and F. A. Brode, were stockholders in the First National

Bank of Seneca, this State.   The cashier of the Bank furnished to the assessor a list of the stockholders, as of March 1, 1892, including the persons named.   Taxes were assessed against the stock of these persons and entered on the tax roll against them.   They neglected to pay these taxes.   Warrants for collection were thereupon issued to the sheriff.   These warrants recited the ownership of the stock by the persons named, the cashier's return to the assessor of the list of stockholders, the assessment of taxes against the stock and the failure of the stockholders to pay.   They concluded with a command to levy the amounts of the taxes upon the goods and chattels of the Bank.   The warrants were executed according to this command. The Bank sued the sheriff and the sureties on his bond for damages for the conversion of its property, and obtained judgment in the District Court.   The Court of Appeals reversed the judgment, and the Bank now prosecutes error to this court.   49 Pac. 639.

The liability of the Bank's property to levy and sale for the payment of the taxes assessed against the stockholders in respect of their ownership of stock, is the question for decision.   The material provisions of the statute bearing upon this question are contained in the General Statutes of 1897, ch. 158, and are as follows :

" Sec. 60.   Stockholders in banks and banking associations and loan and investment companies organized under the laws of this State or the United States shall be assessed and taxed on the true value of their shares of stock in the city or township where such banks, banking associations, loan or investment companies are located ; and the president, cashier or other managing officer thereof shall under oath return to the assessor on demand a list of the names of the stockholders and the amount and value of stock held by each, together with the value of any undivided profit or surplus ; and said banks, banking associations, loan and invest-

ment companies shall pay the tax assessed upon said stock and undivided profits or surplus, and shall have a lien thereon until the same is satisfied.''

'' Sec. 61. If from any causes the taxes levied upon the stock of any banking association, loan or investment company shall not be paid by said corporation, the property of the individual stockholders shall be held liable therefor.''

''Sec. 144. All taxes on personal property that shall remain due and unpaid on the first day of January, or the first day of July, shall be collected in the following manner : The county treasurer shall, between the tenth and fifteenth days of January and July, respectively, issue a warrant under his hand directed to the sheriff of the county commanding him to levy the amount of such unpaid taxes and the penalty thereon, together with his fees for collecting the same, of the goods and chattels of the person to whom such taxes were assessed ; thereupon said sheriff shall proceed to collect said taxes the same as upon execution, and after collecting the said taxes pay the same to the county treasurer, and return such warrant within sixty days from the date thereof.''

There are no decisions in this State which materially aid in the determination of the question. It is not, however, difficult of solution. There are various

1. Warrants for taxes on stockholders' shares not levied, how.

statutory provisions which, either in express terms or by implication, require the taxes chargeable against individuals, in respect of their goods and chattels and choses in action, to be assessed against them personally and extended upon the tax rolls opposite their names. Section 60, above quoted, declares that corporate shareholders in banks and like financial institutions shall be assessed and taxed in the cities or townships where the institutions are located. In addition, it requires the managing officers of the institutions to furnish to the assessor a list of their stockholders and the amount and value of the stock owned by them ; and it declares that the

corporations named shall pay the taxes assessed upon the stock of their stockholders, and shall have a lien upon such stock as security for repayment. Section 61 declares that if the corporation does not pay for its stockholders, the property of such stockholders shall be held liable. Section 144 declares that, to enforce the payment of delinquent personal property taxes, the county treasurer shall issue a warrant to the sheriff commanding him to levy the amount of the taxes "of the goods and chattels of the person to whom such taxes were assessed." It is a cardinal rule that statutes *in pari materia* must be so construed as to give all of them meaning and effect. It is likewise a rule that, if necessary in order to give meaning to all the interrelated parts of a statute pertaining to a particular subject-matter, "shall" will be construed to mean "may." In this case it becomes necessary to construe it to mean "may," where it occurs in the last clause of section 60, in order to give it any effect whatever.

An essential feature of a statute which undertakes to lay obligations upon the citizen is the vindicatory part. "It is but lost labor to say, do this or avoid that, unless we also declare this shall be the consequence of your non-compliance. We must, therefore, observe, that the main strength and force of a law consists in the penalty annexed to it." Blackstone's Commentaries, *57. There is no penalty annexed to that part of section 60 which declares that banks shall pay the taxes assessed against their stockholders; that is, no penalty is imposed upon the banks for their non-compliance. Their non-compliance constitutes no ground for action against them in the courts. It was so held in *Commissioners of Stafford Co. v. National Bank* (48 Kan. 561, 30 Pac. 22). Indeed, the unquestioned rule is that taxes are not collectable by judicial process unless statutory pro-

vision is made therefor. The statutes are barren of formula or procedure for the enforcement of the obligation resting upon the banks to pay the taxes of their stockholders, if we are to construe "shall," as used in section 60, in its imperative or mandatory sense. There is a penalty provided for the non-payment of the taxes, but, by the very terms of section 61, following, it is visited upon the stockholders, not upon the banks. If a bank does not pay for its stockholders, they themselves must pay. The sole method of compelling payment is then pointed out in section 144. It is by the issuance of a warrant for the sale of the property of the person against whom the taxes have been assessed. This, and no other, is the method provided, and no method not provided can be pursued. The authority to collect taxes must be exercised in strict accordance with the prescribed forms. "The statute under which the property of the citizen is to be taken from him for the use of the public is to be strictly construed, and it must be complied with in all its essential provisions." *Wheeler v. Chicago*, 24 Ill. 107. In *United States v. Wigglesworth*, 2 Story, 369, Mr. Justice Story said :

"A general rule in the interpretation of all statutes, levying taxes or duties upon subjects or citizens, is not to extend their provisions by implication' beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out, although standing in close analogy. . . . In every case, therefore, of doubt, such statutes are construed most strongly against the Government, and in favor of the subjects or citizens, because burdens are not to be imposed, nor presumed to be imposed, beyond what the statutes expressly and clearly import. Revenue laws are in no just sense either remedial laws or laws founded upon public policy, and therefore are not to be liberally construed."

The rationale of the statutes under consideration,

viewed in the light of the rules of interpretation, is, that section 60 does not impose an obligation upon banks to pay the taxes assessed against the stock of their stockholders, but that they may do so, and, upon doing so, are entitled to a lien upon the stock for repayment. It is no answer to say that under this construction of the statute some bank stock, particularly that owned by nonresidents may excape taxation. Such considerations may well be addressed to the Legislature, but not to us.

Inasmuch as the sheriff did not appropriate to his own use the bank's property taken by him, but turned it, or its avails, over to the county treasurer in payment of the taxes due from the stockholders, it is urged that nominal damages only, if any at all, can be recovered against him.

*2. Damages for conversion not mitigated, how.*

This argument rests upon the theory that the bank was under a legal obligation to pay. The bank, however, was under no such obligation. If it chooses to treat the conversion of its property as a payment in behalf of its stockholders, it may do so ; and, had it done so, the question argued by defendants in error might arise. It has not, however, so elected to treat it, but has elected to treat the act of the sheriff as a trespass to the extent of the value of the property taken by him. That it may recoup its damages from the stockholders, does not excuse the act of the sheriff. One who is guilty of the wrongful conversion of another's property cannot mitigate the damages caused by his act by applying the property to the use of another against whom the owner has legal recourse for its recovery but against whom he does not elect to proceed.

The judgment of the Court of Appeals was wrong, and that of the District court was right. The one is reversed and the other affirmed.