[S. F. No. 6348. Department One.—March 9, 1914.]

PARKSIDE REALTY COMPANY, Respondent, v. L. D. MacDONALD, Defendant, Cross-complainant, and Respondent; GERTRUDE COLLISCHON et al., Defendants and Respondents; CATHERINE BLACK, Defendant and Appellant.

PRACTICE—RELIEF FROM JUDGMENT FOR MISTAKE—AFFIDAVIT OF MERITS ESSENTIAL TO MOTION.—An affidavit of merits is essential to a motion for relief from a judgment, under section 473 of the Code of Civil Procedure, on the ground of mistake, excusable neglect, etc.

ATTORNEY AT LAW—PRESUMPTIVE AUTHORITY—APPEAL BY ATTORNEY.—
An attorney appearing and acting for a party is presumed to have
been duly authorized to do so, and an appeal taken by the at-
torney from a judgment against such party is presumptively valid.

ID.—APPELLATE COURT ALONE CAN DETERMINE AUTHORITY OF ATTORNEY
TO TAKE APPEAL.—Whether or not the attorney was duly authorized
to take the appeal is exclusively a question to be determined by the
court to which the appeal was taken, which alone could determine
whether it had jurisdiction thereof. And so long as no attack was
made on the appeal in the appellate court, by motion to dismiss or
otherwise, the lower court had no right to regard it otherwise than
as a valid appeal, duly authorized by the purported appellant.

ID.—UNAUTHORIZED APPEARANCE BY ATTORNEY—ABSENCE OF PERSONAL
SERVICE—SUPERIOR COURT CANNOT VACATE JUDGMENT PENDING
APPEAL.—A superior court that has rendered a judgment against a
party, of whose person it had never in fact acquired jurisdiction
because there had been no service of summons on said party and
the attorney appearing for such party was not authorized to do so,
cannot vacate the judgment on the ground of such want of jurisdic-
tion, after an appeal therefrom has been taken by such party and
while such appeal is still pending.

ID.—EFFECT OF APPEAL.—The effect of an appeal is to remove from the
jurisdiction of the trial court all questions going to the validity or
correctness of the judgment or order appealed from.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing to vacate a judgment.
J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Donzel Stoney, for Appellant.

U. S. Webb, and W. H. Cobb, for Respondent L. D. Mac-
Donald.

J. J. West, for Respondents Parkside Realty Company et al.

ANGELLOTTI, J.—This is an appeal by defendant Cath-
erine Black from an order denying her motion to set aside and
vacate the judgment in the above entitled action in so far as
it affects or relates to any of her rights. The material facts,
so far as we need state the same for the purposes of this deci-
sion, are as follows: The action was one brought by plaintiff,

the Parkside Realty Company, a corporation, against L. D. MacDonald, on March 29, 1906, to quiet its title to certain real property in the city and county of San Francisco. On November 19, 1906, MacDonald filed his answer to an amended complaint of plaintiff, and on November 11, 1907, he filed his cross-complaint against plaintiff and nine other persons, including Catherine Black, who had succeeded to the title of the plaintiff to all of said property, said Catherine Black having succeeded to such title to two parcels thereof on September 6, 1907, with notice and knowledge, it was found by the trial court, of MacDonald's claim to the same. MacDonald claimed by his cross-complaint and was adjudged to have the right to acquire the title to all of said property by virtue of a contract for the purchase thereof with a predecessor in title of plaintiff, upon the payment of two thousand dollars. J. J. West, an attorney of this court, was the attorney of record for the plaintiff in the action, having signed the complaint as such attorney. The cross-complaint of MacDonald was never served on the new parties brought in thereby, but only on said West, as attorney for plaintiff. On July 11, 1908, West filed an answer to this cross-complaint on behalf of plaintiff and all the defendants except MacDonald, subscribing it as "attorney for plaintiff and for defendants to cross-complaint of L. D. MacDonald." The action was tried on May 12, 1911, West appearing as attorney for plaintiff and all the defendants except MacDonald. The trial resulted in findings and judgment in favor of MacDonald against plaintiff and all the other defendants, the judgment being given and entered on June 29, 1911. On August 29, 1911, a notice of appeal from said judgment on behalf of plaintiff and all the defendants other than MacDonald was filed, signed by said West as their attorney, and by Morrison, Dunne & Brobeck as counsel. On August 29, 1911, said West, purporting to represent all of the parties for whom he appeared, presented to the court for settlement a statement on motion for a new trial, and thereafter presented and submitted such a motion, which was denied on September 5, 1911. On November 5, 1911, he signed and filed a notice of appeal from such order on behalf of the parties for whom he had thus appeared. According to her affidavit filed on the motion to vacate, Catherine Black, who paid $5,907.50 for the prop-

erty and who at the time of her purchase received policies of title insurance on the property for five thousand two hundred and fifty dollars, had never examined the records, and knew nothing of the claim of MacDonald, and had never heard of MacDonald's claim or of the pendency of this action until the latter part of September, 1911, which was subsequent to the judgment and the appeal therefrom, and to the order denying the motion for a new trial.   She states that she never authorized any one to appear for her in this action until November, 1911, when she employed Mr. Donzel Stoney, her present attorney, to represent her.   On November 18, 1911, he gave notice of this motion to be made in the superior court to vacate the judgment on the ground that the court was without jurisdiction of the action in so far as Mrs. Black was concerned. The motion came on for hearing on December 15, 1911. Objection was made by MacDonald to the consideration of the motion or the granting of the same upon the ground that an appeal from such judgment by Mrs. Black was pending in the supreme court, and that the superior court had no jurisdiction in the premises.   On June 14, 1912, this objection was sustained and the motion denied by the order from which the appeal now before us is taken.   It is not questioned that such purported appeal from the judgment was pending at all times from August 29, 1911, to and including June 14, 1912.

It is apparent from an examination of the record that the motion to vacate may not be considered one made under section 473 of the Code of Civil Procedure for relief on the ground of mistake, excusable neglect, etc.   No affidavit of merits was presented, a thing essential to such a motion for relief from a judgment.   So the precise question is not whether a motion to vacate a judgment under that section may be entertained by the trial court, pending an appeal from the judgment by the moving party.   The motion here attacked the purported judgment as one shown to be void and beyond the jurisdiction of the court to render because of the facts we have stated.

It is clear that the judge of the lower court was bound to take the purported appeal from its judgment to this court as being a valid appeal on the part of Mrs. Black, notwithstanding he might be satisfied that the attorney of record signing the notice of appeal had never in fact been authorized to

appear for her. Presumptively it was a valid appeal, for nothing is better settled than the rule that it is presumed that an attorney appearing and acting for a party has been duly authorized to do so. And whether or not such attorney was duly authorized to take the appeal for her was exclusively a question to be determined by the court to which the appeal was taken, viz.: this court, which alone could determine whether it had jurisdiction thereof. The appeal was, of course, in this court from the moment it was perfected, although the record on appeal was not filed herein until later. The place then to assail the purported appeal as being ineffectual for any purpose by reason of want of authority of the attorney to take an appeal on behalf of Mrs. Black was this court, and as long as no attack was made here on the same, by motion to dismiss or otherwise, the lower court had no right to regard it otherwise than as a valid appeal, duly authorized by the purported appellant.

In determining whether the lower court erred in denying Mrs. Black's motion, we have then a slightly different question from that stated by her learned counsel in her brief. The real question for decision upon the facts we have stated is whether a superior court that has rendered a judgment against a party, of whose person it may be conceded, for the purposes of argument, it had never in fact acquired jurisdiction because there had been no service of summons on said party and the attorney appearing for such party was not authorized to do so, may vacate such judgment on the ground of such want of jurisdiction, after an appeal therefrom has been taken by such party and while such appeal is still pending. In view of the decisions in this state it seems clear to us that this question must be answered in the negative. The effect of an appeal is certainly to remove from the jurisdiction of the trial court all questions going to the validity or correctness of the judgment or order appealed from. It was substantially held in *Savings Union* v. *Myers,* 72 Cal. 163, [13 Pac. 403], and *Shay* v. *Chicago Clock Co.,* 111 Cal. 549, 552, [44 Pac. 237], that while an appeal from a judgment is pending, the trial court has no power to amend or correct such judgment. In *Stewart* v. *Taylor,* 68 Cal. 5, [8 Pac. 605], the lower court vacated an order erroneously or inadvertently made denying a motion for a new trial, pending an appeal

from such order.   This court said: "There is no doubt that
the court in which an irregular order is made and entered
may, where the irregularity is apparent on suggestion, motion,
or *ex mere motu,* set it aside at any time before an appeal is
taken from it.   Such an order, however, is valid until set
aside or reversed on appeal; and where an appeal has been
taken from it, the jurisdiction of the court *a qua* is suspended,
so that pending the appeal the court below cannot vacate and
set aside the order appealed from."   In *Peycke* v. *Keefe,* 114
Cal. 212, [46 Pac. 78], after an appeal had been taken by
Keefe from a judgment against him and from an order deny-
ing his motion to set aside such judgment, and while such
appeals were still pending, the lower court set aside the judg-
ment.   This court held that the superior court could not,
pending the appeal, vacate such judgment.   As was said in
*Livermore* v. *Campbell,* 52 Cal. 75, 77: "It has been repeat-
edly held by this court that an appeal lies from a *void* judg-
ment," and no reason appears why the same rule is not
applicable to void judgments or orders as is applicable to
those which are merely erroneous.   Section 946 of the Code
of Civil Procedure provides that "whenever an appeal is per-
fected . . . it stays all further proceedings in the court below
upon the judgment or order appealed from, or upon the mat-
ters embraced therein."   By the appeal, the jurisdiction of
the lower court in regard to all matters relating to the cor-
rectness or validity of the judgment or order appealed from
is suspended, with the result that the lower court is without
power to take any action in regard thereto during the pen-
dency of the appeal.

In view of what we have said, the order of the superior
court must be affirmed, and it is unnecessary to consider any
other point suggested in the briefs.   We deem it proper to
say, however, that nothing that we have said is to be taken
as intimating that a judgment valid on its face may be col-
laterally attacked upon the ground that the attorney who ap-
peared for the party against whom it runs was not authorized
to appear for such party (see *Carpentier* v. *Oakland,* 30 Cal.
439), or that such party can in any way attack such a judg-
ment except by motion promptly made in the court in which
the judgment was given, or by an action in equity to set aside

the same. (See *Garrison* v. *McGowan*, 48 Cal. 592; *Hunter* v. *Bryant*, 98 Cal. 247, 251 [33 Pac. 51].)

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.