[S. F. No. 7287.   Department One.—April 23, 1917.]

## C. E. KINARD, Appellant, v. WILLIAM H. JORDAN et al., Respondents.

DISMISSAL OF ACTION—WANT OF PROSECUTION.—A defendant who has never filed an answer, and against whom a default has been entered for not answering, cannot have the action dismissed, under section 583 of the Code of Civil Procedure, on the ground that the plaintiff had failed for more than two years after answer filed to bring the action to trial.

ID.—ORDER VACATING JUDGMENT—JURISDICTION—DISMISSAL OF ACTION. Pending appeal from a judgment, the superior court is without jurisdiction to vacate the judgment by consent of parties, and the making of such an order has not the effect of again setting in motion the time provided by section 583 of the Code of Civil Procedure, relating to the dismissal of actions, for bringing the action to trial.

ID.—EFFECT OF APPEAL.—An appeal taken from a judgment has the effect of removing the case from the jurisdiction of the superior court, so that it is no longer pending therein, for the purpose of amending the judgment or vacating it for errors apparent on the face of the record.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco dismissing an action. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

C. E. Kinard, *in pro. per.*, for Appellant.

Crittenden Thornton, for Respondents.

SHAW, J.—This is an appeal from a final order or judgment dismissing the action.

The order dismissing the action was made on September 14, 1914, in pursuance of a motion by the defendants, under section 583 of the Code of Civil Procedure, to dismiss the action, because the plaintiff had failed for more than two years after answer filed to bring the action to trial. A brief history of the case is necessary to explain the grounds of the appeal.

The action was begun on March 24, 1906. Prior to 1909 a judgment of dismissal was entered, because of the failure of the plaintiff to file an amended complaint in accordance with the orders of the court. The plaintiff appealed and the judgment was reversed on March 11, 1909, the decision holding that the original complaint stated a cause of action for the specific performance of a contract by Huntington, one of the defendants, to transfer to the plaintiff's assignor certain shares of corporate stock, the other defendants being made parties solely because they were trustees for Huntington or assignees with notice. (*Kinard* v. *Jordan,* 10 Cal. App. 219, [101 Pac. 696].) Thereafter, the defendants, except Huntington, filed an amended answer to the complaint. Huntington failed to answer. On October 24, 1911, the trial of the case was set for December 12, 1911. On December 12th it was continued for trial until December 15, 1911. Notwithstanding these orders, a judgment was rendered on November 8, 1911, purporting to be a judgment in favor of the plaintiff against all of the defendants, including Huntington, his default having been previously entered. From this judgment an appeal was taken by Huntington on December 14, 1911, and a separate appeal was taken by the other defendants on December 16, 1911. No transcript was filed by the defendants on the last-mentioned appeal and that appeal is still pending. On the separate appeal of Huntington the judgment, as against him, was reversed. This decision was rendered on March 9, 1914. (*Kinard* v. *Jordan,* 167 Cal. 333, [139 Pac. 797].) We proceed to consider the judgment of dismissal made on September 14, 1914.

The portion of section 583 relied on provides that the court may in its discretion dismiss an action for want of prosecution, on motion of the defendant, if the plaintiff "has failed for two years after answer filed to bring such action to trial." The answer of the defendants, other than Huntington, was filed before the rendition of the judgment of November 8, 1911. That judgment, however erroneous it may be, purported to determine the case. The aforesaid appeals taken therefrom suspended all power of the court below to proceed, and necessarily took the case out of the operation of section 583 while the appeals remained pending. The motion to dismiss was made within less than six months after the decision on the appeal of Huntington became final. With respect to the other defendants their appeal is still pending, and no proceedings could be had looking toward the trial as to them until that appeal was disposed of. If nothing more appeared, it is clear that the motion to dismiss was not well taken.

The motion purports to be made by all the defendants, including Huntington. So far as he is concerned, it is clearly erroneous. He has never filed an answer, and his default was entered for not answering. The judgment against him was reversed, but the default still stands. The reversal was based on grounds which do not affect the validity of the default. As to him, the ground on which the motion was made did not exist.

The other defendants insist that the order was properly made because of proceedings in the court below after they had appealed from the judgment of November 8, 1911, against them. The record shows that a few weeks after the filing of their notice of appeal from the judgment of November 8, 1911, the following order was made: "In this case upon the court's own motion, plaintiff in person, and counsel for defendants consenting thereto: It is hereby ordered, that the judgment heretofore entered in favor of the plaintiff and against the defendants, other than the defendant F. A. Huntington, be, and the same is hereby set aside."

The claim is that this order vacated the judgment which was the subject of the appeal previously taken, set the case at large, and made it the duty of the plaintiff to proceed with due diligence to bring the case to trial. The appeal taken by these defendants removed the case from the jurisdiction of the superior court. It was no longer pending therein for

the purpose of amending the judgment or of vacating it for errors apparent on the face of the record. The consent of the parties could not reinvest the court with jurisdiction of that subject matter. The lower court, therefore, had no power to make the order, and it must be deemed a nullity. (*Parkside etc. Co.* v. *MacDonald*, 167 Cal. 346, [139 Pac. 805] ; *Stewart* v. *Taylor*, 68 Cal. 5, [8 Pac. 605].) It follows that the judgment was not vacated, the appeal is still pending, the order did not revive the duty of the plaintiff to bring the case to trial, and did not again set in motion the time prescribed by section 583.

The judgment of dismissal is reversed.

Sloss, J., and Lawlor, J., concurred.