[Civ. No. 5126.   First Appellate District, Division One.—December 22, 1925.]

## CALIFORNIA REAL ESTATE EXCHANGE (a Corporation), Appellant, v. SEQUOYAH HILLS CO. (a Corporation), Respondent.

[1] APPEAL — CODE AMENDMENTS — SECTIONS 940 AND 941, CODE OF CIVIL PROCEDURE—UNDERTAKING.—Since the amendment of sections 940 and 941 of the Code of Civil Procedure (Stats. 1921, p. 193), which prior to the amendment provided for the giving of an undertaking on appeal, the filing of a notice of appeal within the time provided by statute, and in all respects in the form prescribed by section 940 of the Code of Civil Procedure, is sufficient to effect the appeal without the undertaking formerly required.

[2] ID.—EFFECT OF APPEAL—JUDGMENTS—JURISDICTION.—The effect of an appeal regularly taken is to transfer the cause to the appellate court and to suspend the power of the trial court to vacate the judgment pending such appeal.

---

(1) 3 C. J., p. 1106, n. 52.   (2) 3 C. J., p. 1265, n. 6.

APPEAL from an order of the Superior Court of Alameda County denying a motion to vacate and set aside a judgment.  James G. Quinn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Herbert Chamberlin for Appellant.

O. G. Foelker and E. C. Miles for Respondent.

CASHIN, J.—An appeal from an order denying a motion to vacate and set aside a judgment entered against appellant.

An action was commenced in the superior court in and for the county of Alameda by appellant in which respondent appeared and answered the complaint, filing with its answer a cross-complaint against the former. The action was regularly set for trial by respondent, and, appellant not appearing, the cause was heard and the judgment mentioned entered on August 24, 1923, the court

---

1.  See 2 Cal. Jur. 359.
2.  See 2 Cal. Jur. 416; 2 R. C. L. 120.

finding, as appears from its decision and judgment, that appellant was duly and regularly served with notice of trial and had knowledge of the time fixed therefor. Thereafter, on February 11, 1924, appellant served and filed a notice of motion to vacate the judgment, the motion being supported by affidavits alleging the failure by respondent to serve notice of the date fixed for the trial of the action. The motion came on regularly for hearing on February 15, 1924, was denied and this appeal taken from the order.

It is conceded that on October 22, 1923, appellant filed a notice of appeal from the original judgment mentioned to the supreme court of the state of California; that if such appeal was perfected it was pending at the time of the making of the above motion and order, and was subsequently dismissed.

It is contended by respondent that the appeal last mentioned was taken in all respects as provided by statute, and that as a result the trial court was without jurisdiction to grant the motion to vacate the judgment, and, by appellant, that no undertaking on appeal having been filed the proceeding was ineffectual for any purpose, and that the trial court abused its discretion in denying the motion.

[1] The notice of appeal was filed within the time provided by statute and was in all respects in the form prescribed by section 940 of the Code of Civil Procedure (Stats. 1921, p. 193). Since the amendment of sections 940 and 941 of the Code of Civil Procedure (Stats. 1921, p. 193)—which prior to the amendment provided for the giving of an undertaking on appeal—the filing of such notice is sufficient to effect the appeal without the undertaking previously required (*People* v. *Jackson,* 190 Cal. 257 [212 Pac. 4]).

[2] The appeal having been regularly taken, its effect was to transfer the cause to the supreme court and to suspend the power of the trial court pending such appeal to vacate the judgment (*Parkside Realty Co.* v. *McDonald,* 167 Cal. 342 [139 Pac. 805]; *Kinard* v. *Jordan,* 175 Cal. 13 [164 Pac. 894]; *Crawford* v. *Meadows,* 55 Cal. App. 4 [203 Pac. 428]; *Jackson* v. *Dolan,* 58 Cal. App. 372 [208 Pac. 315]).

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.