[Civ. No. 4772. Third Appellate District.—September 26, 1933.]

RALPH H. FIELD, Respondent, v. EUGENE P. HUGHES et al., Defendants; WAYNE SMYTHE, Appellant.

Humphrey, Searls, Doyle & MacMillan and Thomas B. Leeper for Appellant.

A. B. Reynolds, George B. McCutchen and Ralph H. Lewis for Respondent.

THOMPSON, J.—The defendant Smythe has appealed from an order refusing to vacate and set aside a judgment which was rendered against him in a suit for damages for injuries sustained by the plaintiff in an automobile casualty. Smythe is a minor. The judgment was secured against him without the appointment of a guardian *ad litem*. The minor subsequently gave notice disaffirming the judgment. He then moved the trial court to vacate the judgment against him on the ground that it had been disaffirmed. The trial court denied the motion. From this order an appeal was perfected.

This cause was previously before this court on a motion to dismiss the appeal. The facts are more elaborately stated in our opinion denying that motion. (*Field* v. *Hughes*, 131 Cal. App. 144 [20 Pac. (2d) 990].) The appellant Smythe loaned his automobile to the defendant Hughes. While Hughes was operating the car, in the absence of Smythe, a collision occurred with a machine which was being driven by the plaintiff Field, who sustained serious injuries as a result of the accident. A suit for damages was instituted in the Superior Court of Sacramento County against both

the owner and operator of the Smythe car. Smythe was then but twenty years of age. The suit for damages was concluded without the appointment of a guardian to represent the minor. Judgment for the sum of $3,100 was rendered August 18, 1931, against the defendants jointly, Smythe was made a party defendant under the provision of section 1714¼ of the Civil Code on the theory that the car was being operated with his consent at the time of the accident. From this judgment the defendants appealed to the Third District Court of Appeal on September 24, 1931. Their notice of appeal was served and filed on that date. That appeal was still pending in this court at the time Smythe's motion was made in the trial court to dismiss the judgment as above related.

Subsequent to the entry of judgment a guardian *ad litem* was appointed for Smythe and he thereupon gavè notice of disaffirmance thereof. A motion supported by affidavits was made to the trial court to vacate the judgment as to the defendant Smythe on the ground that it had been disaffirmed. This motion was formally denied by the trial court on May 12, 1932. The cause was then pending in the Third District Court of Appeal. The records of this court show that the appeal above referred to was not dismissed until May 23, 1932. The trial court was therefore without jurisdiction or authority to grant the motion to vacate the judgment.

A trial court has no authority to modify, correct, vacate or set aside its judgments pending an appeal therefrom to a reviewing court. The appeal has the effect of removing from the jurisdiction of the trial court the matters affected by the judgment, together with the validity thereof. (*Kinard* v. *Jordan*, 175 Cal. 13 [164 Pac. 894]; 2 Cal. Jur. 416, sec. 179.) The trial court, therefore, had no authority or jurisdiction to set aside the judgment in the present case, for the reason that the cause was not pending before that court at the time the motion was made.

This court will take judicial notice of the fact that the appeal from the original judgment was pending before the Third District Court of Appeal on May 12, 1932, when the motion to vacate the judgment on the ground of disaffirmance thereof was made by the defendant Smythe. (Jones, Evidence in Civil Cases, 3d ed., p. 162, sec. 124;

23 C. J., p. 109, sec. 1917.) In the authority last cited it is said: "Courts take judicial notice of their own records."

For the reason that the trial court was without jurisdiction to modify or vacate its judgment at the time the motion was made, the order of May 12, 1932, from which this appeal was taken, was properly denied.

The order is affirmed.

Pullen, P. J., and Plummer, J., concurred.