[Civ. No. 5724. Third Appellate District.—October 9, 1936.]

W. J. LINSTEAD et al., Petitioners, v. THE SUPERIOR COURT OF MENDOCINO COUNTY, Respondent.

Hale McGowan for Petitioners.

Thomas & Thomas and Norman Johnson for Respondent.

PULLEN, P. J.—In the estate of George Golden, deceased, a decree of final distribution was entered distributing a portion of the estate to the petitioners herein, and denying distribution to one E. T. Stoddard, the proponent of a will which has been denied probate. In due time an appeal was taken from this decree of final distribution by Stoddard, which appeal is still pending.

Thereafter, and on April 13, 1936, Charles Hewitt, together with other half brothers and half sisters of the predeceased wife of Golden, moved, under the provisions of section 473 of the Code of Civil Procedure, to set aside the decree of distribution. On the same day a copy of the petition was served upon the attorney for the distributees named in the decree, but no time was set nor notice of hearing given.

On May 12, 1936, the clerk of the court fixed the 22d day of May as the time for the hearing of the motion and gave

notice thereof by posting. The motion was then continued from time to time until June 22d, when the matter was called for hearing before a judge of an adjoining county duly assigned to sit for the judge of the county of Mendocino. At that time an attorney, appearing for the attorney of record for the distributees herein, objected to the hearing upon the ground that no notice of the hearing of the petition had been given as required by law and the court was without jurisdiction to hear the matter. This objection was overruled. The moving parties then filed and served an affidavit in support of the motion which, over the objection of the distributees, was admitted in evidence. A motion to strike the same from the files was then made and was likewise denied. Upon the matter being called for hearing objection was made to any proceeding on the ground that an appeal was pending involving the decree of final distribution in the estate of Golden, deceased, and also that no notice had been given as required by law, and that the court was therefore without jurisdiction. This being overruled, the court proceeded to hear the matter, and the decree of distribution was vacated and set aside. A motion to set aside this order was again made upon the ground of want of jurisdiction, and again denied.

Petitioners thereupon filed this writ of review to test the validity of this order setting aside the decree of distribution. Respondent questions the propriety of this method of inquiry by writ of review, but it is apparent from examination of section 963 of the Code of Civil Procedure and section 1240 of the Probate Code that an order granting or denying a motion to set aside a decree of distribution is an order from which no appeal may be taken (*Estate of Mailhebuau,* 201 Cal. 664 [258 Pac. 378]), and a writ of review, therefore, is an appropriate remedy to question the validity of the action of the probate court.

There are therefore two questions presented by this writ. The first question challenges the jurisdiction of the court because an appeal from the final distribution was pending in the Supreme Court at the time the motion was made to annul or set aside the same. The second question challenges the jurisdiction of the court in that no notice of the motion to vacate was given to petitioners herein, they being parties beneficially interested in the decree.

█ It has been frequently held that in a civil matter the effect of an appeal is to remove from the jurisdiction of the trial court all questions affecting the validity of the judgment or order appealed from, and while an appeal from a judgment is pending the trial court has no power to amend or correct the same. (*Packard Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 Pac. 805]; *Kinard* v. *Jordan,* 175 Cal. 13 [164 Pac. 894]; *Field* v. *Hughes,* 134 Cal. App. 325 [25 Pac. (2d) 241].)

█ It is admitted by respondent that as a general rule a duly perfected appeal divests the trial court of further jurisdiction, but respondent contends the order under review arose in a proceeding independent of and collateral to the proceedings from which appeal was taken, and therefore the trial court had jurisdiction to pass upon such collateral matter pending the appeal on the decree of distribution. (*Estate of Waters,* 181 Cal. 584 [185 Pac. 951].) The question therefore is, was the motion to set aside the decree and to relieve certain parties from default, a proceeding upon the judgment or order appealed from or upon a matter embraced therein? (Sec. 946, Code Civ. Proc.)

We are here concerned with a matter in probate, and no direct citations are found involving precisely the question before us, but inasmuch as the *res* involved in a probate proceeding is the estate itself, any ruling that reopens the proceeding or permits new parties to enter the controversy, or tends to affect the rights of the distributees named in the decree of distribution, must of necessity relate to the decree itself. It seems evident also that an appeal by anyone interested in the estate is sufficient to remove the entire matter from the probate court to the court of review, and all parties interested in the estate, whether appellants or not, are bound and affected by the notice of appeal. Inasmuch, therefore, as Stoddard, a party interested in the estate, had perfected an appeal to the Supreme Court, which appeal is still pending, it had the effect of removing the entire estate from the jurisdiction of the superior court, and operated not only upon the interest of Stoddard but on all parties affected by the decree, and the remedy sought by the motion affected directly the matter embraced in the decree. We believe, therefore, the court had no power to amend or correct its decree pending the appeal.

 Turning our attention now to the second point urged by petitioners herein, we find that the only notice given of the motion to vacate the decree was that given by the clerk by posting, in the form substantially required by section 1200 of the Probate Code.. The parties moving to attack the decree were proceeding under section 473 of the Code of Civil Procedure in asking for an order vacating the decree of distribution.

This section reads in part as follows:

"The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

The petition of the Hewitts is in effect a motion or application for an order setting aside the decree, and to bring that application on for hearing, notice is essential. Section 1010 of the Code of Civil Procedure provides that notice must be in writing, and the notice of motion must state when, and grounds upon which it is made, and the papers, if any, upon which it is to be based. If any such paper has not been previously served upon the parties to be notified, a copy of such paper must accompany the notice.

The courts have ever been watchful that proper notice is given to those to be affected by these proceedings, and in *Bohn* v. *Bohn*, 164 Cal. 532 [129 Pac. 981], where the court was considering a motion for a change of venue, and the requirements of sections 1003 and 1010 of the Code of Civil Procedure, it was held that a motion and notice thereof was one of the necessary steps therein, and the decision then proceeded to lay down what was necessary where a notice is required, holding a court is without jurisdiction to set aside a judgment, where no notice of the application is given to the adverse parties whose rights would be affected by the order. A court also is without jurisdiction to set aside a judgment, and an order setting aside a decree or judgment previously entered is void, if no notice is given to adverse parties whose rights would be affected by the order. (*Gill*

v. *Peppin,* 41 Cal. App. 487 [182 Pac. 815] ; *Dolan* v. *Superior Court,* 47 Cal. App. 235 [190 Pac. 469] ; *McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98].)

From the foregoing it appears, therefore, that the order setting aside the decree of distribution having been made at a time when the decree was not properly before the court by reason of the inadequacy of the notice, and beyond the jurisdiction of the court by reason of a pending appeal from the decree of distribution, the order must be annulled, and it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1936.