[Civ. No. 3069. Fourth Dist. Nov. 9, 1942.]

In re SHAFTER-WASCO IRRIGATION DISTRICT on Dissolution. BOARD OF DIRECTORS OF SHAFTER-WASCO IRRIGATION DISTRICT, Appellant, v. CHARLES WESTENBERG et al., Respondents.

H. E. Schmidt and Ernest H. Tuttle for Appellant.

Maddox & Abercrombie for Respondents.

MARKS, J.—This is a motion to dismiss the appeal of the Shafter-Wasco Irrigation District (hereinafter called the district) from a judgment refusing to confirm the dissolution proceedings of the district. The motion is made upon the ground that the time fixed by statute for the hearing and determination of the appeal has expired and that this court has lost jurisdiction to hear and determine the same.

The district was duly organized and is existing under the laws of the state. It took proceedings for its voluntary dissolution under an act entitled "An act to provide for the dissolution of irrigation districts, the ascertainment and discharge of their indebtedness, and the distribution of their property." (Stats. 1903, p. 3, as amended; Deering's Gen. Laws, 1937, Act 3876.) We will hereinafter refer to this legislation as the act.

After taking proceedings for its dissolution under the prior sections of the act, the district filed its petition in the Superior Court of Kern County, being the county in which it is located, to determine the validity of the proceedings and plan for dissolution. Respondents appeared and contested the proceedings and judgment went against the district. The appeal followed.

The last two sentences of section 4 of the act, under which section the proceedings in the court below were had, provide as follows:

"Such action shall be speedily tried and judgment rendered. Either party shall have the right to appeal at any time within thirty days after the entering of such judgment, and the appeal must be heard and determined within three months after the taking of such appeal."

It would appear that the petition was filed in the court below on December 16, 1941. The contest of respondents was filed on April 22, 1942, and the cause proceeded to trial on that day. Findings of fact and conclusions of law were signed and filed on May 20, 1942, and the judgment was filed and entered on the same day. Notice of appeal to this court was filed on June 19, 1942. Notice of request for transcript was filed on June 25, 1942. The clerk's transcript was certified on July 13th and the reporter's transcript on August 13, 1942. Both transcripts were filed in the office of the clerk of this court on August 17, 1942, and appellant's opening brief was filed on September 16, 1942. The motion to dismiss was filed on October 1, 1942, and was argued on October 13, 1942, both dates being prior to the time in which respondents' brief must be filed.

It thus appears that all the proceedings in this appeal have been taken within the times established for appeals in ordinary cases and unless the quoted provisions of section 4 of the act are mandatory and the lapse of time has divested this court of jurisdiction to hear the appeal the motion should be denied.

Section 4b of article VI of the Constitution provides in part as follows: "The district courts of appeal shall have appellate jurisdiction on appeal from the superior courts . . . in such other special proceedings as may be provided by law. . . ." As this is a special proceeding provided by law this court is given original appellate jurisdiction in this case.

An appeal is taken by the filing of a proper notice of appeal in the trial court. (§ 940, Code Civ. Proc.)

When the notice of appeal is properly filed it has the effect of removing the cause from the jurisdiction of the trial court. "It was no longer pending therein for the purpose of amending the judgment or of vacating it for errors apparent on the face of the record. The consent of the parties could not reinvest the court with jurisdiction of the subject matter." (*Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894].) After a timely and valid notice of appeal has been given the jurisdiction of the trial court as to any matter relating to the correctness or

validity of the judgment is suspended and the power to determine those questions rests in the court in which the appeal is pending. (*Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 P. 805]; *Field* v. *Hughes,* 134 Cal.App. 325 [25 P.2d 241]; *Linstead* v. *Superior Court,* 17 Cal.App.2d 9 [61 P.2d 355].)

No attack is made on the procedure followed in taking this appeal. Therefore, by virtue of the appeal the case is now pending in this court under the direct authority of the Constitution. The question here presented may be thus stated: May the Legislature divest this court of its constitutional jurisdiction over the case and its duty to decide it by limiting the time in which a decision must be rendered, to a period within which it is impracticable, if not impossible, to decide the issues?

 We find but one limitation in the Constitution on the time within which an appeal must be decided. (§ 24, art. VI, Const.) The penalty there provided for failing to decide a case within ninety days after it has been submitted for decision is not loss of jurisdiction over the case by the court, but suspension of the right of the justices to draw their salaries. While this provision does not necessarily answer the question before us, it indicates an intention on the part of the People in adopting it to give an appellate court ninety days after the submission of a cause in which to decide it.

Of course it is within the power of the Legislature to impose reasonable rules and regulations governing the exercise of a constitutional power. It is equally true that those constitutional powers may not be so restricted by unreasonable rules as to virtually nullify them. If the statute in question be strictly construed as mandatory and as divesting this court of jurisdiction in three months after the appeal was taken we would have had to decide the case by September 19, 1942, one month and two days after the record was filed here, three days after appellant's opening brief was filed and twenty-seven days before respondents' brief was due for filing. We regard such a limitation on our constitutional power to decide the case as unreasonable under the circumstances here presented. While the record is not formidable it is not inconsiderable. While we have not examined it, there may be presented serious questions for decision that might require careful consideration which could not be given within the time provided by the statute.

Of course it is true that the statute provides that the appeal *must* be heard and determined within three months after it has been taken. Such language is usually construed as mandatory.

It is a general rule of statutory construction that the legislative intent in passing a statute is to be given effect by the courts. One rule of construction was laid down in *In re Washer*, 200 Cal. 598 [254 P. 951], as follows:

"We are mindful of the rules of construction which must bind us, which said rules are as follows:

" 'Absurd or unjust results will never be ascribed to the legislature and it will not be presumed to have used inconsistent provisions as to the same subject in the immediate context. The courts will be astute to avoid such results (*Wells Fargo & Co.* v. *Mayor etc. of Jersey City*, 207 F. 871). In the interpretation of statutes courts are not bound by grammatical rules, and may ascertain the meaning of words by the context. (*Cavender* v. *Hewitt*, 145 Tenn. 471 [22 A.L.R. 755, 239 S.W. 767].)' " (See, *Fresno City H. S. Dist* v. *De Caristo*, 33 Cal.App.2d 666 [92 P.2d 668]; *Southern Pacific Co.* v. *Riverside County*, 35 Cal.App.2d 380 [95 P.2d 688].)

It is also true that courts should construe statutes so they may be held constitutional where it is reasonably possible to do so.

In view of these rules we are required to so construe the last sentence of section 4 of the act so that it may be held to be constitutional rather than to construe it literally and thereby have to hold it an unreasonable limitation on the constitutional powers of the appellate and supreme courts.

The use of the word "must" in a statute does not always require the holding that the duties imposed are mandatory. In *Estate of Chadbourne*, 15 Cal.App. 363 [114 P. 1012], the court said:

"In accordance with this primary rule of interpretation courts have construed 'may' as mandatory, giving it the meaning of 'shall' or 'must' (*Estate of Ballentine*, 45 Cal. [696] 699; *Hayes* v. *County of Los Angeles*, 99 Cal. 74 [33 P. 766]; Sutherland on Statutory Construction, § 634); and in many cases it is held that *shall* and *must* are directory merely. (*Wallace* v. *Feeley*, 61 How. Pr. (N.Y.) 225; *Merrill* v. *Shaw*, 5 Minn. 148; *In re Thurber's Estate*, 162 N.Y. 244 [56 N.E. 631]; *Stone* v. *Pratt*, 90 Hun. 39 [35 N.Y. Supp. 519]; *First Nat. Bank of Seneca* v. *Lyman*, 59 Kan. 410 [53

P. 125] ; *Cook* v. *Spears*, 2 Cal. 409 [56 Am.Dec. 348] ; *People* v. *Sanitary Dist. of Chicago*, 184 Ill. 597 [56 N.E. 953].) '' (See, also, *Estate of Atkins*, 121 Cal.App. 251 [8 P.2d 1052].)

▇ We therefore conclude that the quoted sentence of the act is directory and was intended to give this appeal as early a hearing and decision as orderly procedure in this court will permit.

Respondents cite the cases of *Crall* v. *Poso Irrigation District*, 87 Cal. 140 [26 P. 797] ; *Cullen* v. *Glendora Water Co.*, 113 Cal. 503 [39 P. 769, 45 P. 822, 1047], and *Cohen* v. *City of Alameda*, 168 Cal. 265 [142 P. 885], not as direct authority on the question here (they admit there is none) but by analogy as supporting their position. We have studied the cases and find nothing in them requiring us to change the conclusions we have reached.

The motion to dismiss is denied.

Barnard, P. J., and Griffin, J., concurred.