[Civ. No. 16348.   Second Dist., Div. Three.   Dec. 20, 1948.]

MARY E. LOOMIS, Appellant, v. GEORGE C. LOOMIS, Respondent.

Harold M. Davidson for Appellant.

Snyder, Fletcher & Glaister for Respondent.

WOOD, J.—Plaintiff (cross-defendant) appeals from an order denying her motion, under section 473 of the Code of Civil Procedure, to set aside an interlocutory decree of divorce granted to cross-complainant. Her notice of appeal also states that she appeals from a ruling denying her motion to set aside a stipulation and a default. The record does not show that there was a ruling denying a motion to set aside a

stipulation or denying a motion to set aside a default. No default was entered. There was no notice of motion to set aside a stipulation or a default. (The caption of the notice did refer to it as a notice to set aside a stipulation and judgment.) The notice recited that a motion would be made to set aside the order of June 26, 1947, (the decree) "and all subsequent proceedings." There was an order denying a motion to set aside the judgment. Therefore, this will be regarded as an appeal only from the order denying the motion to set aside the interlocutory decree of divorce granted to cross-complainant.

The plaintiff answered the cross-complaint, and when the case was called for trial, the parties filed a written stipulation which provided: that the action might be tried on the cross-complaint as a default matter; that the court might award to plaintiff the custody of the minor child; and that neither party should be permitted to remove the child from the State of California. The trial of the case upon the cross-complaint then proceeded, and the cross-complainant testified that he wanted the custody of the child, and that the child would be better off with the cross-complainant's aunts than it would be with the plaintiff. When it appeared that the trial judge did not intend to follow the stipulation regarding the custody of the child, the attorney for plaintiff asked to be heard in behalf of his client, but the court refused to hear him, and ordered the bailiff to put him out of the courtroom if he started to interrupt the court. An interlocutory decree of divorce was granted to cross-complainant and the custody of the child was awarded to him.

The notice of motion to set aside the judgment was made upon the grounds, among others, that the default was taken through misrepresentations on the part of defendant, and that the judgment was rendered through mistake, excusable neglect and inadvertence of the plaintiff and her counsel; that the judgment is against the law and the evidence. The motion was heard on August 26, 1947, in the law and motion department of the court by a judge other than the one who tried the case, and on that day the motion was submitted for decision. On August 28, 1947, an order was made denying the motion to set aside the judgment. On August 26, 1947, the day the motion here involved was heard and submitted, the plaintiff (appellant herein) filed a notice of appeal from the interlocutory decree of divorce.

Appellant contends that, upon the evidence presented, the court should have granted the motion. In the case of *California R. E. Exch.* v. *Sequoyah H. Co.*, 75 Cal.App. 695 [243 P. 54], the appellant had failed to appear at the trial, and had made a motion to vacate the judgment, upon the ground that notice of trial had not been given. Prior to the time said motion was made, the appellant had filed a notice of appeal from the judgment, and the appeal was pending at the time the said motion and said order denying the motion were made. It was said therein at page 696: "The appeal having been regularly taken, its effect was to transfer the cause to the supreme court and to suspend the power of the trial court pending such appeal to vacate the judgment . . . [citing cases]." ■ The appeal from the decree in the present case having been taken prior to the time the order denying the motion herein was made, the trial court herein was not empowered to determine the motion. It does not appear that the trial judge knew that the appeal had been taken. In an opinion of this court, filed this day (*ante*, p. 232 [201 P.2d 33]), in the appeal by plaintiff from the interlocutory decree, the interlocutory decree was reversed. By reason of the reversal of that decree, the questions presented by the motion to set aside the decree have become moot. In *Chase* v. *Trout*, 146 Cal. 350 [80 P. 81], the appeal was from the judgment, and from an order refusing to vacate the default and judgment. In that case, after reversing the judgment, the court said at page 372: "The appeal from the order refusing to vacate the default may as well be dismissed. The reversal vacates the judgment . . . . The appeal, therefore. presents a question wholly immaterial to the rights of the parties . . . ."

This appeal, and said purported appeals, are dismissed.

Shinn, P. J., and Vallée, J., concurred.