Filed 7/28/25  Shores Barrington, LLC v. Vozniouk CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHORES BARRINGTON, LLC, | B335235 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23SMUD01889) |
| v. | |
| TATIANA VOZNIOUK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle E. Flurer, Judge.  Affirmed.

Tatiana Vozniouk, in pro. per., for Defendant and Appellant.

Felman, Daggenhurst, Toporoff & Spinrad and Richard Geoffrey Daggenhurst for Plaintiff and Respondent.

_____

Respondent Shores Barrington, LLC (Shores) brought an unlawful detainer (UD) action against appellant Tatiana Vozniouk. In response, Vozniouk claimed her rental unit was uninhabitable. The parties settled their dispute by entering a stipulated judgment. Vozniouk appealed. She later moved to set aside the judgment on the grounds of surprise, inadvertence, mistake, or excusable neglect. (Code Civ. Proc., § 473, subd. (b).)[1] The trial court denied Vozniouk's motion.

Vozniouk challenges the judgment and the denial of her motion to vacate. We cannot reach the merits of her claims for three reasons: (1) a stipulated judgment cannot be reviewed on appeal; (2) the trial court lacked jurisdiction over Vozniouk's motion to set aside the judgment while an appeal was pending; and (3) assuming the trial court retained jurisdiction, despite the pending appeal, Vozniouk did not appeal that ruling. We affirm.

## FACTS AND PROCEDURAL HISTORY

Vozniouk signed a lease with Shores in 2018. Shores filed a UD action in August 2023, seeking possession and unpaid rent. Acting in propria persona, Vozniouk answered the complaint, asserting that Shores did not provide a habitable premises; retaliated for her complaints; illegally raised her rent; and lacked just cause. She also filed a tort and contract suit against Shores. (*Vozniouk v. Shores Barrington, LLC* (Super. Ct. L.A. County, 2023, No. 23SMCV03764).)

When Vozniouk failed to respond to discovery, Shores moved to compel responses and asked that its unanswered

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

requests for admission (RFA's) be deemed admitted. The court granted Shore's motions and imposed sanctions.

As a result of the ruling, the following was deemed admitted by RFA's: Vozniouk owes overdue rent; she did not respond to the notice to pay rent; the unit is habitable; she did not notify Shores of any defective conditions; there are no rent control violations; the notices Shores sent were not defective; she cannot prove any affirmative defenses; and she has no excuse for failing to comply with the notice to pay rent or quit.

Before trial, Shores moved in limine to preclude Vozniouk from introducing evidence that would contradict the RFA's. It argued that matters admitted by RFA's are conclusive; they established all material facts needed to prove UD, and Vozniouk admittedly had no affirmative defense.

At a pretrial hearing on November 27, 2023, Vozniouk was assisted by Attorney Gerzain Barrera. Vozniouk waived her right to an interpreter. The court said she "indicated that she could speak—or understand English well enough to continue in English for purposes of pre-trial and/or any settlement discussions. Is that correct?" Vozniouk replied, "Yes." Attorney Barrera asked, "You understand?" Vozniouk said, "I understand it."

The court advised Vozniouk that it could not reconsider another judge's ruling on the RFA's, and when RFA's are deemed admitted, "evidence related to those facts would normally be excluded." The parties then agreed to a voluntary settlement conference.

The parties reached a settlement. Vozniouk agreed to pay $50,000 in back rent and holdover damages, and to vacate her unit. Shores agreed to pay Vozniouk $12,000 for timely

3

possession and waived its right to money she owed in excess of the stipulated damages, including discovery sanctions awarded by the court. Vozniouk waived any defenses and "acknowledge[d] and agree[d] that I am waiving the right to receive assistance from a Russian language interpreter in the preparation and execution of this stipulation."

Vozniouk released Shores from all liabilities, claims, damages, losses, costs, and attorney fees. The stipulation bars "each and every claim and demand, potential or actual, in any way connected with [her] tenancy." Shores agreed to dismiss its small claims action, and Vozniouk agreed to dismiss her lawsuit against Shores, with prejudice.

The court read the stipulation terms aloud. Vozniouk replied "yes" when asked if she "had an opportunity to discuss these terms and conditions with your attorney?" She agreed to the terms; said no one forced her to settle; and her agreement was voluntary. The court signed the stipulation. It then realized that the judgment exceeded the cap for a limited civil case. (§ 86.) The court said, "[D]o you have any objection to reclassifying the case to unlimited civil?" Vozniouk's attorney replied, "No, your honor, there's no objection." The court ordered reclassification.

On November 30, 2023, after Shores filed a complaint reclassifying the case, the court entered judgment on the terms specified in the stipulated settlement. Vozniouk appealed the judgment on December 6, 2023.

In February 2024, Vozniouk moved ex parte to vacate the judgment and stay execution, claiming mistake, inadvertence, surprise, excusable neglect, and extrinsic fraud. She declared that she was not properly served with the summons and complaint; was under stress while awaiting trial; did not fully

4

understand settlement discussions, and signed the stipulation without an interpreter.

On February 15, 2024, the court denied Vozniouk's request to set aside the judgment. It found she signed the stipulation; she waived any claim that the UD action was improperly served; her feelings of stress are not grounds to set aside the judgment; and she did not justify her delay in seeking relief.

## DISCUSSION

There are several impediments to appellate review. First, Vozniouk appealed a stipulated judgment, and we cannot review a stipulated judgment. Second, the trial court lost jurisdiction when Vozniouk filed her notice of appeal and could not entertain a motion to vacate the judgment during the pendency of the appeal. Third, Vozniouk did not perfect an appeal from the order denying her motion to vacate the judgment.[2]

### 1. Appeal From the Stipulated Judgment

As a rule, a party cannot appeal a consent judgment, i.e. the settlement of an action with the agreement of the parties, entered under the court's authority. " '[T]he party expressly waives all objection to it, and cannot be allowed afterwards, on appeal, to question its propriety, because by consenting to it he has abandoned all opposition or exception to it.' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400 (*Norgart*).)

Vozniouk acknowledged, on the record, that she discussed the stipulation with counsel; agreed to its terms; and her agreement was voluntary. She waived all defenses and an

---

[2] We gave the parties an opportunity to address these three points in supplemental briefing. There is nothing presented in their briefs that is not dealt with in this opinion.

5

interpreter.  It was a full and final settlement of all claims and issues.  (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 600.)[3]  This court cannot review the wisdom of the stipulated judgment or its substantive terms.

Vozniouk argues that Shores "Failed to Effectuate Proper Service" of the summons and complaint.  She waived any defect in service by answering the complaint, participating in the litigation, and signing a settlement agreement.  (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)[4]  " 'It is well settled that the appearance of a party . . . is a waiver of any defects or irregularities' " in notice.  (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 27, overruled on other grounds in *Perry v. Bakewell Hawthorne, LLC* (2017) 2 Cal.5th 536, 543.)  Though Vozniouk complains she had no time to review settlement terms, the record shows she had three days to review them before judgment was entered.

---

[3] Vozniouk contends that she entered the stipulation to facilitate an appeal.  She did not show the parties intended " 'a *pro forma* judgment or order entered by consent for the mere purpose of hastening an appeal.' "  (*Norgart,* 21 Cal.4th at p. 401; compare *Monticello Ins. Co. v. Essex Ins. Co.* (2008) 162 Cal.App.4th 1376, 1382–1384 [stipulated judgment specified that the parties intended to avoid the time and expense of a trial and " 'to seek immediate appeal of critical issues' "].)

[4] By settling, Vozniouk relinquished claims of defective notice to pay rent or quit; rent overcharges; habitability; and improper service of discovery.  Her claim that the stipulation agreement exceeds the cap for a limited civil case was waived when her attorney said "there's no objection" to reclassifying the case to unlimited civil status.

## 2. Vozniouk's Appeal Divested the Superior Court of Jurisdiction

Vozniouk filed a notice of appeal after the trial court entered the stipulated judgment. Months later, she moved to vacate the judgment. However, while the appeal was pending, the trial court lacked jurisdiction to rule on Vozniouk's motion.

The perfecting of an appeal automatically stays proceedings in the trial court. (§ 916.) The stay protects appellate jurisdiction by preserving the status quo until the appeal is determined and remittitur is filed; it prevents the trial court from rendering an appeal futile by altering the judgment or by conducting other proceedings that may affect it. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 198; see *Sacks v. Superior Court of Los Angeles County* (1948) 31 Cal.2d 537, 540 ["A duly perfected appeal divests the trial court of further jurisdiction in the cause and of power to act" except as to collateral matters].)

Exceptions have been carved out of the automatic stay rule for motions for new trial or for judgment notwithstanding the verdict. (*Neff v. Ernst* (1957) 48 Cal.2d 628, 633–634; *Foggy v. Ralph F. Clark & Associates, Inc.* (1987) 192 Cal.App.3d 1204, 1210–1211.) For example, a motion for new trial is "a matter collateral to the judgment and the trial court retains jurisdiction to hear and determine a motion for new trial after an appeal has been taken from the judgment." (*Neff*, at p. 634.) If the motion is granted, "the judgment is vacated and the appeal therefrom becomes ineffective." (*Ibid.*) An appeal may then be taken from the order granting a new trial. (*Ibid.*)

It appears that a motion made pursuant to section 473 is not a collateral matter. In *Elsea v. Saberi* (1992) 4 Cal.App.4th 625, the court concluded that a trial court order granting relief

7

under section 473 and setting aside a default judgment "impacted on the effectiveness of the pending appeal and therefore was in excess of the court's jurisdiction." (*Id.* at p. 629.) In *Linstead v. Superior Court* (1936) 17 Cal.App.2d 9, 11–12, the court concluded that when a party perfects an appeal of a final judgment before a motion to vacate the judgment is made under section 473, the trial court had no power to grant the motion.

This case is unusual in that Vozniouk appealed a stipulated judgment, not a judgment entered after trial. Under *Norgart, supra,* 21 Cal.4th at page 400, the stipulated judgment entered with the parties' consent is not appealable. (See also *Mecham v. McKay* (1869) 37 Cal. 154, 158 ["we will not review, on appeal, judgments and orders entered by consent"].)

We need not resolve whether Vozniouk's motion for relief under section 473 is a collateral matter. As discussed below, Vozniouk had to appeal to preserve the ruling for review. Her ineffectual appeal from the stipulated judgment did not encompass rulings that came after it.

### 3. Vozniouk Did Not Appeal the Denial of Her Motion to Vacate the Judgment

Vozniouk argues that appeal may be taken from denial of a motion to vacate a judgment on the grounds of mistake, surprise, inadvertence, or excusable neglect. (§ 473, subd. (b).) "It has long been established that discretionary relief under section 473(b) is available for voluntary judgments and dismissals. [Citation.] That is, 'a party who "consented to the dismissal to his injury, under a mistake of fact" ' may be eligible for discretionary relief." (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 174.)

8

Assuming, arguendo, that the court could rule on Vozniouk's postjudgment motion for relief while her appeal was pending, she did not appeal the ruling. An order denying relief under section 473 is directly appealable. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265–1266; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) Failure to appeal an appealable order results in forfeiture. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8 [" 'if [a] ruling is appealable, the aggrieved party *must* appeal or the right to contest it is lost' "].)

Vozniouk believes her appeal from the stipulated judgment encompasses the later ruling on her motion to vacate. Courts may "save" appeals taken from a nonappealable order, when appeal should have been taken from a subsequent judgment. (*Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 68–69 [premature appeal from a minute order granting a motion for judgment on the pleadings, before the case was dismissed]; *Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 223 [premature appeal from an order granting a motion for summary judgment]; *Mitchell v. Los Robles Regional Medical Center* (2021) 71 Cal.App.5th 291, 296, fn. 2 [same].)

This case is distinguishable from those cited above. In each of those cases, the appeal was taken from an interlocutory minute order preceding a final judgment. That is not true here. Vozniouk's motion for relief did not precede the final judgment; rather, it *followed* it. As a result, Vozniouk had to appeal the postjudgment ruling on her motion to vacate. She did not do so. We lack jurisdiction to review an order that was not appealed.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


RICHARDSON, J.

10