[Civ. No. 5107. Third Appellate District.—November 8, 1934.]

JENNIE ROSENBERG, Respondent, v. KATE A. BULLARD, Appellant.

Wm. Ellis Lady and Guy Knupp for Appellant.

Goldman & Lieberman for Respondent.

PULLEN, P. J.—This appeal is before us on rehearing. The contention of appellant is that the trial court was without jurisdiction to enter the judgment here complained of.

Defendant was a nonresident. An action was commenced against her and a writ of attachment was issued and levied upon certain real property belonging to her situate in this state. Upon her failure to answer, default was taken. Thereafter she appeared specially and moved to dissolve such attachment and to vacate and set aside the judgment. The motion, in both particulars, was granted. From this order plaintiff appealed. Thereafter, and while said appeal was pending, defendant moved that the cause be set down for trial and supported the motion by affidavit that she would suffer irreparable injury if the cause were not disposed of, as the title to her property was clouded, etc. The motion was granted and the cause was set for trial and duly tried, resulting in a judgment for plaintiff. It is an appeal from this latter judgment which brings this matter before us. In the meantime the appeal from the order setting aside the judgment by default and vacating the attachment had been affirmed.

Appellant urges various grounds for reversal, but we will notice but one, and that one compels a reversal.

■ Upon the taking of the appeal from the order setting aside the judgment by default and vacating the attachment, the trial court was without jurisdiction to proceed until that appeal had been terminated. (Code Civ. Proc., sec. 946; 2 Cal. Jur., p. 415.) It is immaterial, although unfortunate, that the cause was brought to trial pending the appeal, upon the solicitation of defendant. It is a question of jurisdiction and not of estoppel.

■ Respondent urges that the cause was not before the court of review upon its merits upon the first appeal, the question being, so respondent contends, as to the regularity of the attachment only, which it is urged is a collateral matter only. With this we cannot agree. The defendant being a nonresident, no personal judgment could be rendered against her. Any judgment so rendered was enforceable only to the extent of the property attached. An attack upon the validity of the attachment had as its real purpose an attack upon the validity of the judgment itself, which, under the circumstances, would of necessity fall if the attachment failed. The record discloses that the appeal was both upon the motion to dissolve the attachment and from

the judgment of default, and such appeal affected the entire cause, for a judgment by default is a judgment upon the merits. (*Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168].)

Determinative of the question here presented, namely, the jurisdiction of the trial court to proceed pending the appeal, is the case of *People* v. *Sonoqui,* 1 Cal. (2d) 364 [35 Pac. (2d) 123], decided by the Supreme Court while the instant case was being considered on rehearing. In the cited case defendants and appellants had been convicted of murder. A motion for a new trial was made and granted, from which order the People duly appealed. Shortly thereafter, the district attorney, representing the People, moved the District Court of Appeal wherein the matter was pending, to dismiss the appeal, which motion was granted, the defendants consenting thereto. No attempt was made to secure a *remittitur,* but a certified copy of the order dismissing the appeal was obtained from the appellate court and filed in the trial court. Four days after the entry of the order of dismissal defendants were again put on trial and duly convicted of murder in the first degree.

On the date fixed for the pronouncing of judgment defendants moved in arrest of judgment on the ground that the court was without jurisdiction to enter the same, inasmuch as the order dismissing the former appeal of the People had not become final nor had a *remittitur* issued thereon.

We will not attempt to summarize the reasons given by the Supreme Court nor the various citations set forth in support thereof, the court holding, however, that the trial court did not have jurisdiction to try the cause and the motion in arrest of judgment should have been granted.

Upon the authority, therefore, of the case of *People* v. *Sonoqui, supra,* the judgment heretofore entered in the instant case must be reversed. It is so ordered.

Plummer, J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1935.