[Civ. No. 11865.   Second Appellate District, Division Two.—August 25, 1938.]

HENRY SILVERSMITH, Appellant, v. A. D. BRAWLEY, Respondent.

Carlyle Wynn for Appellant.

Kenneth J. Murphy for Respondent.

CRAIL, P. J.—This is an appeal from (1) an order dated March 1, 1938, denying the motion of the plaintiff to vacate and set aside a judgment on a verdict and (2) an order that a stipulation providing for the dismissal of an appeal dated October 9, 1936, be filed in the superior court *nunc pro tunc* as of March 15, 1937.

This case has been tried twice. Each time the jury returned a verdict for the defendant, and judgment was entered thereon. After the first trial the plaintiff moved for a new trial and this motion was granted. On September 4, 1936, defendant filed notice of appeal from the order

granting a new trial. No transcript or bill of exceptions was ever filed in the appeal.

On October 9, 1936, the parties agreed to abandon and withdraw the appeal and try the case again in the superior court, entering into the following stipulation: "In the District Court of Appeal, Second Appellate District, State of California. Henry Silversmith, plaintiff and respondent, vs. A. D. Brawley, defendant and appellant. No. ..... STIPULATION TO DISMISS APPEAL. It is hereby stipulated by and between the parties hereto through their respective attorneys that the appeal now pending in the above entitled Court may and the same shall be ordered dismissed. It is further stipulated that the *remittitur* shall issue forthwith. Dated this 9th day of October, 1936."

Soon thereafter the parties by their respective counsel signed and filed in the superior court a setting card in which they asked that the case be set in the superior court and in which they stated that "the cause is at issue". On March 5, 1937, the court made a minute order that "by stipulation and order of Court" the case was set down for trial for March 15, 1937. Thereupon the case was again tried before a jury and judgment upon the verdict of the jury entered in favor of the defendant. Motion for new trial was denied.

On August 4, 1937, new counsel was substituted as attorney for plaintiff, who made the motion to vacate and set aside the second judgment. When the matter came on for hearing before the trial court the affidavit of the former attorney for the plaintiff was offered in evidence, which read as follows: "That on or about the 9th day of October, 1936, affiant prepared the stipulation to dismiss the appeal then pending in the District Court of Appeal, Second Appellate District, which said stipulation is annexed to the affidavit of Kenneth J. Murphy, on file herein; that affiant presented the same to the said Kenneth J. Murphy, procured his signature to the same and left him a true copy thereof; that affiant on said day caused to be certified the statement of L. E. Lampton, County Clerk, which said certificate is annexed to the said affidavit of Kenneth J. Murphy, and on said day presented them for filing to the clerk of the said District Court of Appeal; that the said clerk informed affiant that due to the enactment of section 954a

of the Code of Civil Procedure in the last session of the legislature it was no longer necessary to bring the matter of the dismissal of an appeal by stipulation, where no record had been prepared or filed, before that court but that the same could be abandoned by the appellant by his filing a written stipulation or abandonment with the clerk of the Superior Court.''

There was also presented the affidavit of the attorney for the defendant which read as follows: ''That affiant signed the stipulation and immediately returned it to Mr. Brown; that thereafter, to-wit, on the 15th day of March, 1937, which was the trial date on the second trial of this action, affiant appeared at the master calendar department of the Superior Court and answered ready for trial as did both Mr. Werner and Mr. Brown. At said time and said place the presiding judge of the master calendar department noticing the notice of appeal and statement to the clerk in the original file inquired of counsel as to the pending appeal, whereupon Mr. Brown, attorney for plaintiff, stated to the court that a stipulation to dismiss the appeal had been signed and filed by him with the clerk of the District Court of Appeal. *Counsel thereupon orally stipulated before the presiding judge that the appeal had been dismissed and the presiding judge of the calendar department assigned the case to trial. . . .* ''

It is the contention of the appellant that the judgment for defendant of March 18, 1937, was void for want of jurisdiction of the court, and he relies upon *Rosenberg* v. *Bullard,* 2 Cal. App. (2d) 118 [37 Pac. (2d) 521], and *People* v. *Sonoqui et al.,* 1 Cal. (2d) 364 [35 Pac. (2d) 123], and other cases in which the facts are greatly different from the facts of this case.

In 1935 the legislature enacted section 954a of the Code of Civil Procedure, which reads as follows: ''At any time before the filing of the record or transcript in the court to which the appeal has been taken, an appellant may abandon the appeal by filing in the office of the clerk of the trial court a written abandonment thereof; and the parties may effect a withdrawal of the appeal by filing in said office the stipulation of their counsel therefor. Upon filing of either such document, the jurisdiction of the trial court over the

subject-matter of the judgment or order designated in the notice of appeal, will be completely restored.''

This section created quite a change with regard to the jurisdiction of the superior court in case of an appeal, for under this section the jurisdiction of the superior court after an appeal might be restored in compliance with said section without the necessity of having the appeal dismissed in the appellate court.

The question for us to determine is whether the conduct and stipulations of the parties and the orders of the court amounted to a substantial compliance with said section 954a.

Under the circumstances of this case, the filing in the office of the clerk of the trial court of a written request signed by both parties asking that the case be set for trial and stating that ''it is at issue'', along with the stipulation of the parties in writing and also orally before the court that the appeal had been dismissed was a substantial compliance with the section. The minute order of the court of March 5, 1937, recited that the case was set for trial ''by stipulation and order of court''. This was an order of the court after a discussion about the appeal, a finding in effect that the appeal had been abandoned under the provisions of said section. Although it does not set out said facts in detail, we are of the view that under all the facts and circumstances of this case there was a substantial compliance with said section.

The plaintiff also contends that the order of the court directing that the stipulation in writing dismissing the appeal in the appellate court be filed in the superior court *nunc pro tunc* as of March 15, 1937, should be reversed. But in view of what we have already held, this question becomes moot, and we shall not enter into any discussion of it.

Orders affirmed.

Wood, J., and McComb, J., concurred.