HENRY G. MOLINA ET AL., Plaintiffs and Appellees, v. FRANCISCA RODRÍGUEZ ET AL., Defendants and Appellants.

No. 8794. Argued January 24, 1944.—Decided April 26, 1944.

*Francisca Rodríguez* and *Poncio Busó Pérez*, pro se. *Henry G. Molina,* pro se, and *Luis E. Dubón, Félix Ochoteco, Jr.,* and *Otero Suro & Otero Suro* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This is a case which originated in a complaint wherein Henry G. Molina alone appeared as plaintiff and Francisca Rodríguez, as defendant, against whom a default was entered because she failed to answer within the term granted therefor. The case was heard on its merits and the plaintiff introduced his evidence whereupon the lower court rendered judgment by default in accordance with the prayer of the complaint. This judgment was notified to the defendant who moved that the same be vacated and that the entry of default be set aside. Notwithstanding this, and before the lower court had ruled on said motion, the defendant took an appeal to this court from the default judgment.

While the appeal was pending, the lower court held a hearing on the motion to set aside the default and it subsequently vacated the judgment, set aside the default entered, and granted the plaintiff ten days to amend his complaint.

The plaintiff amended it twice, and in his last amended complaint included José B. Rodríguez Viera as coplaintiff and Poncio Busó Pérez as codefendant. From the judgment of the lower court sustaining the amended complaint both defendants have taken separate appeals.

We shall only pass upon the error assigned by the defendants and appellants to the effect that "the court lacked jurisdiction to proceed with the case after it had been served with notice of the appeal" taken from the default judgment originally rendered against the codefendant.

 Section 297 of the Code of Civil Procedure provides as follows:

"Section 297.—Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

"According to this provision, the lower court is only empowered to "proceed upon any other matter embraced in the action, and not affected by the order appealed from."

In the case of *Díaz et al.* v. *Cuevas Zequeira,* 27 P.R.R. 122, this court considered exactly the same question involved in the case at bar and in deciding the same it relied on the decisions which we shall mention herein. In 1906 for the first time the question was raised whether the lower court had jurisdiction to entertain a motion for a new trial after an appeal had been taken from the judgment. In the cases of *Altuna* v. *Ortiz et al.,* 11 P.R.R. 24, 30; *Horton et al.* v. *Robert,* 11 P.R.R. 168, 188; *Aguayo et al.* v. *García,* 11 P.R.R. 263, 274, following the doctrine laid down in California in

*Naglee* v. *Spencer,* 60 Cal. 10; *Carpenter* v. *Wilson,* 25 Cal. 168, and *Rayner* v. *Jones,* 90 Cal. 78, the question was decided affirmatively, and the same doctrine was later confirmed in *Martínez* v. *Independence Indemnity Company,* 36 P.R.R. 775.

In *Díaz* v. *Cuevas Zequeira, supra,* relying on the cases of Volume 11 as authorities, it was held that since a motion to set aside a default judgment is equivalent to a motion for a new trial, the lower court had jurisdiction to hear and dispose of said motion. In this case a default judgment had been rendered in favor of plaintiff, but because the judgment did not allow the disbursements and attorney's fees, plaintiff took an appeal from said judgment. After this appeal had been taken, the defendant moved the court to set aside the entry of his default and also the judgment entered against him. The plaintiff then applied to this court for a writ of prohibition which was discharged in the following terms:

"The motion of the defendant in this case is similar to a motion for a new trial, for on different grounds he seeks to obtain the same result of setting aside the judgment, and inasmuch as the court may consider a motion for a new trial even after an appeal is taken, as held by this court in the cases of *Altuna* v. *Ortiz, Horton et al.* v. *Robert,* and *Aguayo* v. *García,* 11 P.R.R. 24, 168, 263, respectively, in construing section 297 of the Code of Civil Procedure, which provides that although an appeal stays all proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, the court below may nevertheless proceed upon any other matter embraced in the action and not affected by the order appealed from, we see no reason why, in accordance with that statute, the lower court may not rule on the motion to set aside the judgment although an appeal is pending therefrom; for, paraphrasing the opinion in the case of *Horton* v. *Robert, supra,* we may say that this practice incidentally avoids the necessity of correcting judgments that can be set aside and diminishes the work of courts, since, if the motion is sustained, the appeal automatically fails."

The three cases from California cited in the Puerto Rico Reports in the cases of *Altuna* v. *Ortiz, Horton* v. *Robert,*

and *Aguayo* v. *Garcia, supra,* are also cited in a note to §181 of California Jurisprudence, volume 2, p. 419. In discussing, in said Section, §946 of the California Code of Civil Proce-. dure, from which §297 of our code is derived, reference is made to the power of the lower court to entertain a motion for a new trial after the judgment has been appealed from, and it expressly states that the "proceedings on a motion for a new trial are not in direct line of the judgment, but are independent and collateral thereto. Therefore, an appeal from a judgment does not divest the trial court of jurisdiction to hear and determine a motion for new trial."

However, in §179 of the same volume, p. 416, a distinction is plainly made between the power to entertain a motion for a new trial and the power to set aside, amend, or vacate a judgment appealed from, it being said further that the trial is not vested with such power "even by the consent of the parties."

The decisions from California cited in the above-mentioned cases, are not authority for holding that a motion for a new trial is similar to a motion to set aside a default, since the decisions of said state clearly hold the opposite.

In the case of *Kinard* v. *Jordan et al.,* 175 Cal. 13, 164 P. 894 (1917), judgment was rendered against all the defendants, including Huntington, his default having been previously entered. An appeal was taken by all the defendants and a separate appeal was taken by Huntington. Notwithstanding the pendency of these appeals, the lower court, with the consent of the plaintiff and the defendants, except Huntington, entered an order setting aside its former judgment. Sometime later the same court dismissed the complaint because the plaintiff had not prosecuted his action with due diligence. On appealing from this last judgment, the Supreme Court of California referred to the previous order of the lower court setting aside its first judgment, the parties consenting thereto, and stated:

"The claim is that this order vacated the judgment which was the subject of the appeal previously taken, set the case at large, and made it the duty of the plaintiff to proceed with due diligence to bring the case to trial. The appeal taken by these defendants removed the case from the jurisdiction of the superior court. It was no longer pending therein for the purpose of amending the judgment or of vacating it for errors apparent on the face of the record. The consent of the parties could not reinvest the court with jurisdiction of that subject matter. The lower court, therefore, had no power to make the order, and it must be deemed a nullity. (Citing authorities.) It follows that the judgment was not vacated, the appeal is still pending, . . ."

The doctrine laid down in this case was later ratified in the cases of *California Real Estate Exchange* v. *Sequeyolo Hills Co.*, 243 Pac. 54 (1925), and *Field* v. *Hughes*, 25 P. (2d) 241 (1933). And in *Rosenberg* v. *Bullard*, 37 P. (2d) 521 (1934), wherein an appeal was taken from an order setting aside a default judgment, and while said appeal was pending the case was duly tried resulting in a judgment for plaintiff, in an appeal therefrom it was held that "upon the taking of the appeal from the order setting aside the judgment by default . . . ., the trial court was without jurisdiction to proceed until that appeal had been terminated. Code Civ. Proc. §946; 2 Cal. Jur., p. 415. It is immaterial, although unfortunate, that the cause was brought to trial pending the appeal, upon the solicitation of defendant. *It is a question of jurisdiction and not of estoppel.*" (Italics ours.) And it was further held that "a judgment by default is a judgment upon the merits," citing the case of *Brown* v. *Brown*, 170 Cal. 1, 147 Pac. 1168, wherein it was held that where a defendant is served with summons and complaint and he makes default, "he is presumed to admit all the facts which are well pleaded in the complaint. The judgment which follows . . . is a complete adjudication of all the rights of the parties . . ."

It therefore follows that in California it has always been held that the trial court has jurisdiction to entertain a mo-

tion for a new trial, even though an appeal has been taken from the judgment, but that it lacks such jurisdiction where the motion seeks to set aside the judgment, even if it should be by default. When §297 of our Code of Civil Procedure was taken from §946 of the California code we construed the decisions of said state carefully in so far as motions for a new trial were concerned, but incorrectly as to motions to set aside judgments by default. The holding that said motions are equivalent, as it is stated in *Díaz* v. *Cuevas Zequeira, supra,* supported by the cases of California cited in the cases of *Altuna* v. *Ortiz, Horton et al.* v. *Robert,* and *Aguayo* v. *García, supra,* is erroneous and said case must be considered as expressly reversed. There is no reason why, in a jurisdictional question, we should insist on this error.

The lower court acted without jurisdiction in vacating the former judgment appealed from, notwithstanding the fact that codefendant herself sought the setting aside of her default, for as stated in the case of Rosenberg, *supra,* "it is a question of jurisdiction and not of estoppel." Accordingly, since this is a jurisdictional question, the same may be raised by codefendant Busó, even though he was not party defendant when the judgment was vacated. He was joined party defendant for the very reason that the court had acted without jurisdiction in setting aside the judgment appealed from.

For the reasons stated the judgment rendered on May 12, 1943, in this case should be reversed.