[L. A. No. 243–4.   In Bank.—November 24, 1896.]

R. W. WOODBURY, Respondent, *v.* THE NEVADA SOUTHERN RAILWAY COMPANY, Appellant.

Appeal—Dismissal—Authority of Attorney for Corporation Appellant—Substitution—Conflicting Affidavit.—Where an appeal is taken by a corporation from a large judgment against it, it will not be dismissed on the ground that the attorney who took it acted without authority, nor will a motion be granted to substitute another attorney for the appellant for the purpose of consenting to a dismissal of the appeal, where the showing made by the moving parties is not strong and clear, but there are conflicting affidavits, and the evidence considered as a whole does not affirmatively establish the alleged facts upon which the motions are based, or show who among contesting stockholders have the control of the corporation appellant.

Id. — Substitution of Attorneys Pending Appeal — Application to Superior Court.—It seems that the application for substitution of attorneys of record, pending an appeal, should be made to the superior court; but the question is not passed upon by a majority of the justices of the court.

Motion in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Los Angeles county, as taken without authority; and motion to substitute attorneys for appellant.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss,* for Appellant.

*H. C. Dillon,* for Respondent.

McFARLAND, J.—Several actions to enforce alleged mechanics' lien were consolidated, and judgments were rendered against the defendant, the Nevada Southern Railway Company, a corporation, for a large sum of money, to wit: one hundred and fifty-one thousand seven hundred and ten dollars and seventy-nine cents, together with attorneys' fees, costs, etc. It appears that other large interests are, to some extent, incidentally involved in the case. On April 15, 1896, an appeal was taken to this court by the said railway company, defendant, by its attorney, A. B. Hotchkiss, who is an attorney and counselor in all the courts of this state. The transcript on appeal was filed May 27, 1896. Afterward two motions were made to this court and submitted for decisions. One is a motion made by respondent to dismiss the appeal. The other is a motion purporting to be made by the appellant, the said railway company, for a substitution of attorneys. The notice of this second motion is addressed "to A. B. Hotchkiss, Esq., attorney of record for said appellant," and is signed " The Nevada Southern Railway Company, by M. A. Conkling, its attorney "; and in the notice Hotchkiss is informed that the said railway company will apply for an order of this court to change the attorney for said company, appellant, by substituting said Conkling as its attorney in the place of said Hotchkiss. These two motions are based upon substantially the same grounds, namely: that said appeal was taken without the authority of said appellant, and particularly, that since the taking of the appeal, the appellant has ordered that Conkling be substituted as its attorney in place of said Hotchkiss, and that said appeal be dismissed.

Hotchkiss, for himself and for the appellant, makes certain preliminary objections to the hearing of these

motions, and contends that the procedure adopted to bring before this court the matters sought to be presented by said motions, is irregular and unwarranted, and that the said motions cannot therefore be considered. But we do not deem it necessary to pass upon these objections, or to consider other objections to the competency of certain evidence submitted on the hearing of the motions, because, waiving all of said objections, we do not think that the evidence submitted warrants the granting of either of said motions.

The motions were submitted here upon *ex parte* affidavits, which is a very unsatisfactory method of presenting issues which involve important rights and large property interests. If these motions should be granted, some of the parties would be forever precluded from raising, in any form, questions which they seek to have decided on the appeal sought to be dismissed, and which involve large sums of money. Evidently, therefore, the motions should not be granted unless the showing made by the moving parties is strong and clear; and the showing made is not of that character. There are a number of affidavits made on behalf of each of the contesting parties, and they are sharply conflicting. It would be useless to state here the contents of the various affidavits; it is sufficient to say that the evidence which they furnish, considered as a whole, does not affirmatively establish the alleged facts upon which the motions are based, or show who, among contesting stockholders, have the control of the corporation appellant. If, upon the hearing of the appeal, the judgment of the court below shall be affirmed, the moving parties in these motions will have obtained, substantially, what they are now demanding. On the other hand, if the judgment shall be reversed, it should be an easy thing in the court below, where questions of fact can be fully investigated, to determine who constitute the proper governing body of said corporation; and such governing body can then make such disposition of the case as it may deem advis-

able.    For these reasons we are satisfied that the motions should be denied.

The motions to dismiss the appeal and for substitution of attorneys, are both denied.

GAROUTTE, J., concurred.

HARRISON, J., concurring.—I concur.    In addition to the reasons given in the opinion of Mr. Justice McFarland for denying the motions, the motion for the substitution of attorneys for the appellant should have been originally presented to the superior court.    Section 946 of the Code of Civil Procedure provides that the perfecting of an appeal stays all further proceedings in the court below "upon the judgment or order appealed from," or " upon the matter embraced therein"; and also declares that "the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from"; and section 284 of the Code of Civil Procedure provides that the attorney in an action may be changed at any time " before or after judgment. . . . 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other."

The appellate jurisdiction of this court can be exercised only upon the matters appealed to it, which, in the present case, is the judgment rendered by the superior court against the appellant.    This judgment was for a large amount of money, and it does not appear that any undertaking was given to stay proceedings thereon.    The enforcement of the judgment, as well as any proceedings to vacate it, or to grant a new trial, must be taken in the superior court.    These are matters not embraced in the judgment appealed from, and, consequently, remain within the jurisdiction of that court to proceed upon; and, irrespective of all statutory provision, it is eminently fitting that the court which has jurisdiction of the proceedings should determine who is authorized to represent the parties thereto as their

attorney. There would be a manifest impropriety for this court to direct a substitution of attorneys, to conduct the litigation in reference to the matters that have not been appealed, and the statute contemplates that the same attorney shall represent the party in both the trial and the appellate courts. If any substitution is to be made, it should be made in the court of original jurisdiction, and, if requisite, the action of that court in the matter can then be properly certified to this court.

Van Fleet, J., and Henshaw, J., concurred.