[L. A. No. 243. In Bank.—March 24, 1898.]

R. W. WOODBURY, Respondent, v. THE NEVADA SOUTHERN RAILWAY COMPANY, Appellant.

APPEAL—SUBSTITUTION OF ATTORNEYS—JURISDICTION—STIPULATION FOR DISMISSAL.—The substitution of attorneys must be made in the court below in the case in which an appeal is taken, and, when so made, the substituted attorney will be ordered substituted as the attorney of record upon the appeal, if there is no appeal from the order of substitution; but an order of the superior court made in another case between the same parties pending upon appeal from another county, substituting an attorney therein, can give no authority to such attorney to act upon a different appeal from a different county, or to stipulate for a dismissal of such appeal.

ID.—AUTHORITY OF ATTORNEY—MOTION TO DISMISS APPEAL—CONFLICTING AFFIDAVITS.—An attorney of this court signing a notice of appeal will be presumed to have had authority from the appellant; and, unless the appellant himself objects to the prosecution of the appeal, it will not be dismissed upon motion of the respondent upon the ground that it is prosecuted against the will of the appellant; nor will the court pass upon the weight or sufficiency of conflicting affidavits for the purpose of determining whether the appellant desires the appeal to be dismissed.

ID.—CONSENT TO JUDGMENT.—Where the judgment appealed from is in form against the appellant, and does not purport to have been entered by consent, matters outside of the record of the judgment cannot be examined for the purpose of determining its character; nor can ex parte affidavits be presented or considered for the purpose of determining whether the appellant desired that the judgment should be entered against it, or whether it was entered against its will.

MOTIONS for substitution of attorneys, and to dismiss an appeal from a judgment of the Superior Court of San Bernardino County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

A. B. Hotchkiss, for Appellant.

M. W. Conklin, substituted as attorney for Appellant.

H. C. Dillon, for Respondent.

HARRISON, J.—Motions for substitution of attorneys, and to dismiss the appeal.   The appellant herein suffered judgment to be taken against it in the superior court by default, and after its entry took an appeal therefrom—the notice of appeal being signed by A. B. Hotchkiss as its attorney.   After the transcript had been filed, a motion made in this court by Mr. M. W. Conklin that he be substituted as attorney of record in the place of Mr. Hotchkiss was denied.   (*Woodbury v. Southern etc. Ry. Co.,* 115 Cal. 85.)   Thereafter, April 16, 1897, an order was made by the superior court from which the appeal was taken, substituting Mr. Conklin as attorney in the cause in the place of Mr. Hotchkiss, and, a certified copy of this order having been filed herein, Mr. Conklin now asks an order substituting him as the attorney of record upon this appeal in place of Mr. Hotchkiss.   As the appeal taken by Mr. Hotchkiss from this order has been dismissed, the motion must be granted.

A motion to dismiss the appeal herein, made by Mr. Dillon, attorney for the respondent, was submitted with the original motion of Mr. Conklin for a substitution of attorneys, and was denied.   Subsequently, an order dismissing the appeal was made herein, March 15, 1897, upon a stipulation therefor signed by Mr. Conklin, as attorney for the appellant.   The order substituting Mr. Conklin for Mr. Hotchkiss, by virtue of which he signed the stipulation, was made by the superior court of Los Angeles county in another action between the same parties pending in that court, whereas this appeal is taken from a judgment rendered by the superior court of San Bernardino county.   Upon the representation of Mr. Hotchkiss that the stipulation was unauthorized, the order dismissing the appeal was vacated, and the

motion therefor restored to the calendar, and has again been presented by Mr. Dillon.

The statement in the notice of motion, as one of its grounds, that the judgment appealed from is in favor of the appellant and one to which it consented, is not sustained by the record. The judgment is in form against the appellant, and does not purport to have been entered by its consent. Only the record of the judgment can be examined for the purpose of determining its character; and matters outside of the record cannot be presented by *ex parte* affidavits, or considered for the purpose of determining whether the appellant desired that the judgment should be entered against it, or whether it was entered against its will. (See *Harper v. Hildreth*, 99 Cal. 265.)

When the notice of appeal from a judgment is signed by an attorney of this court, he will be presumed to have had authority from the appellant, and, unless the appellant himself objects to the prosecution of the appeal, it will not be dismissed at the motion of the respondent upon the ground that it is prosecuted against the will of the appellant. The court will not pass upon the weight or sufficiency of conflicting affidavits for the purpose of determining whether the appellant desires the appeal to be dismissed. The remarks of Mr. Justice McFarland upon the denial of the former motion are pertinent and equally applicable to the motion as now presented.

The appeal in the present case is from a judgment rendered by the superior court of the county of San Bernardino, and the order of the superior court of Los Angeles county substituting Mr. Conklin as attorney in the place of Mr. Hotchkiss gave him no authority to act as attorney herein. At the time the stipulation was signed by him the superior court of San Bernardino county had not made any order substituting him as attorney herein, and since the making of that order he has not consented to a dismissal of the appeal.

The motion that Mr. Conklin be substituted upon the record as attorney for the appellant in place of Mr. Hotchkiss is granted. The motion of Mr. Dillon for a dismissal of the appeal is denied.

Garoutte, J., Van Fleet, J., McFarland, J., and Temple, J., concurred.

Rehearing denied.