[Civ. No. 471. Fourth Appellate District.—November 10, 1930.]

UNITED STATES OF MEXICO, Appellant, v. PETER RASK, Respondent.

Frank H. Heskett for Appellant.

Sawyer & Cluff and Ward, Ward & Ward for Respondent.

BARNARD, J.—This was an action for the recovery of the possession of a certain patrol boat then in the possession of the defendant. The action was filed by Heskett, Weinberger & Miller, attorneys, purportedly on behalf of the United States of Mexico, a sovereign nation, as plaintiff.

Delivery of the patrol boat was claimed and upon the giving of an undertaking in the usual form, executed by Independent Indemnity Company, a corporation, the boat was taken by the sheriff of San Diego County and delivered to the plaintiff. After a trial, judgment was ordered in favor of the defendant for the return of the boat, or if the same could not be had, for the sum of $12,961.61 (the value thereof), plus $463.62 as damages for its taking, and costs of suit. Motion for a new trial was denied on June 23, 1930, and on July 2, 1930, notice of appeal was filed, signed by Frank H. Heskett, one of the attorneys representing the plaintiff at the trial.

Notice of a motion to dismiss this appeal was filed by the respondent upon the grounds that the notice of appeal was filed without the consent, authority, direction or approval of the plaintiff, and that no appeal was in fact taken within the time allowed by law. In support of the motion is filed the affidavit of one of the attorneys for respondent, in which he deposes upon information and belief that the appeal was taken without the consent, authority, direction or approval of the plaintiff; that the said Frank H. Heskett is conducting said purported appeal at the request of the Independent Indemnity Company; that the sources of his information and belief are certain statements alleged to have been made by one of the attorneys for the Indemnity Company to another one of the attorneys for respondent, and by him related to the affiant; that when the action came on for trial, the said Heskett expressed doubt of his authority to proceed, and requested time in which to communicate with Mexican government officials in regard thereto, which request was refused by the court; and that when the motion for a new trial came on for hearing, the affiant's informant asked Heskett if he had received authority from the Mexican government, to which Heskett replied: "Well, I am here, am I not?" It is then alleged on information and belief that said reply of Heskett was evasive, and that in truth and in fact, the said Heskett had been informed by officials of the Mexican government that he had no such authority. As the source of this last information and belief, there is set forth a copy of a letter which, on June 21, 1930, was filed in the office of the clerk of the trial court, purporting to be signed by one E. Ferreira, as consul of

Mexico at San Diego, California, protesting against the execution of the judgment in this action, for the reason "that such litigation was not authorized by the proper authorities of Mexico, and the further reason that, as I am informed, under international law, a sovereign government may not be condemned by judicial authority of a state". Another affidavit was filed by one of the other attorneys for the respondent, setting forth a conversation with an agent for the Independent Indemnity Company, in which this agent stated he understood the Mexican government intended to appeal the case, and if it did not do so, someone else would; and, further, a conversation with Heskett, in which Heskett, upon being asked as to his authority, replied that he was not sure of his authority, but that Edgar Luce, one of the attorneys for the Indemnity Company, had told him to proceed with the appeal. On behalf of the appellant was filed an affidavit by Frank H. Heskett, stating he was retained and authorized to bring this action by J. L. Sepulveda, who, according to his information and belief, was at that time fish and game commissioner of the Pacific for the United States of Mexico, under the department of agriculture of that country; that as such fish and game commissioner and sole representative of said department of agriculture at San Diego, the said Sepulveda had authority to institute the action; that the said J. L. Sepulveda, in verifying the complaint set forth therein that he was authorized so to do; that after the complaint was filed there was a change of administration in the United States of Mexico, by virtue of which the said Sepulveda was superseded by another as said fish and game commissioner; that there was also a change in the personnel of the office of secretary of agriculture of Mexico; that the successor of Sepulveda neither withdrew from affiant any authority theretofore given nor gave him any instructions or directions whatsoever; that after judgment adverse to the plaintiff was entered, affiant communicated that fact to the new fish and game commissioner and to the Mexican consul in San Diego, Mr. Ferreira, and that the said Mexican consul referred affiant to Fred W. Noon, an attorney of San Diego, as the representative of the Mexican government in connection with the said case; that at the suggestion of said Fred W. Noon affiant filed a motion for a new trial in said action; that

later the said Fred W. Noon authorized and directed affiant to take the necessary steps to effect an appeal in the action, and that this action was taken immediately thereafter; that the said J. L. Sepulveda at the time he authorized affiant to bring this action, authorized him to take all necessary proceedings to protect the interests of the United States of Mexico and to prevent any final judgment being rendered against said government; that affiant has received no authority or directions to withdraw from said case or to permit the said judgment to become final; and that he has not been directed by any person to refrain from filing a notice of appeal. Further affidavits were filed in behalf of appellant, which it is not necessary to consider here.

The earlier cases in California seem to hold that the authority of an attorney to take an appeal may not be questioned by a respondent. In *Board of Commissioners* v. *Younger,* 29 Cal. 147 [87 Am. Dec. 164], it is stated that so long as an attorney remains the attorney of record, his right to manage and control the action cannot be questioned, and that whether he has exceeded his authority in taking an appeal is a question between him and his clients, which is no concern of the defendant.

In *Woodbury* v. *Nevada etc. R. Co.,* 120 Cal. 367 [52 Pac. 650], the court said: "When the notice of appeal from a judgment is signed by an attorney of this court, he will be presumed to have had authority from the appellant, and, unless the appellant himself objects to the prosecution of the appeal, it will not be dismissed at the motion of the respondent upon the ground that it is prosecuted against the will of the appellant. The court will not pass upon the weight or sufficiency of conflicting affidavits for the purpose of determining whether the appellant desires the appeal to be dismissed." In that case the court refers to certain remarks by Mr. Justice McFarland on a previous hearing of the same case, as reported in 115 Cal., at page 87 [46 Pac. 862], as follows: "The motions were submitted here upon *ex parte* affidavits, which is a very unsatisfactory method of presenting issues which involve important rights and large property interests. If these motions should be granted, some of the parties would be forever precluded from raising, in any form, questions which they seek to have decided on the appeal sought to be dismissed, and which involve large

sums of money. Evidently, therefore, the motions should not be granted unless the showing made by the moving parties is strong and clear; and the showing made is not of that character. There are a number of affidavits made on behalf of each of the contesting parties, and they are sharply conflicting. It would be useless to state here the contents of the various affidavits; it is sufficient to say that the evidence which they furnish, considered as a whole, does not affirmatively establish the alleged facts upon which the motions are based, . . . ''

In all cases since that time the decision has rested upon the sufficiency of the showing made to overcome the presumption of authority, rather than upon the inability of the respondent to raise the point. In *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 Pac. 805], it was held that while it is presumed that an attorney appearing and acting for a party has been authorized so to do, the question whether or not such attorney was, in fact, authorized to take an appeal, is one to be determined by the court to which the appeal was taken.

In *Title Ins. etc. Co.* v. *California etc. Co.,* 168 Cal. 397 [143 Pac. 723], the court used the following language: ''The fact that an attorney appears on behalf of a party raises a presumption of 'authority upon his part to do so'. (*Garrison* v. *McGowan,* 48 Cal. 592.) But this presumption is disputable, and where it is clearly shown, as it is here, that the attorney was not authorized, the party whom he assumed to represent can found no rights upon the unauthorized act.'' In that particular case the facts showed clearly that the attorneys purporting to take the appeal had no such authority, which fact was not even questioned by the attorneys then representing the appellant. Practically the same language is again used in the case of *Sullivan* v. *Dunne,* 198 Cal., at page 190 [244 Pac. 343]. In that case it was clearly shown that the attorney attempting to take an appeal had no authority to act in the case at all, the affidavits filed in his behalf not even creating a conflict in this regard. ■ While, as held in the later cases, the authority of an attorney to take an appeal may be questioned by a respondent, the rule is firmly established that the presumption that an attorney of record has authority

502

to take an appeal, will prevail in the absence of a clear and satisfactory showing that such authority is lacking.

This being the rule, we think the showing here made is not sufficiently clear and satisfactory to overcome the presumption referred to. Not only are the affidavits conflicting, but the principal affidavit for respondent was made upon information and belief, and is largely hearsay. While the other affidavit states that the agent and attorney for the Indemnity Company interested themselves in the appeal, that fact is not conclusive. While the letter from the consul of Mexico at San Diego stated that the litigation was not authorized by the proper authorities, the other official of Mexico at San Diego stated in his verification that he had such authority. The affidavit of Heskett shows an original authority to bring the action which has not been discredited, except by surmise and doubt. He was authorized to bring the suit by an official of the Mexican government. While the authority of this official, in turn, has been questioned, it has not been clearly shown that he acted beyond his power. And nothing appears to show that any authority originally given to the attorney has been withdrawn. The proof relied upon by respondent is not of such a satisfactory and clear nature as to warrant a dismissal of the appeal.

A further consideration is that the real attack of the respondent is not merely upon the authority of this attorney to appeal from the judgment entered in this action, but is upon his original authority to file the action. It would appear from the showing made on this motion that the question as to the original authority of this attorney may be one of the questions to be determined upon a hearing of this appeal on its merits, and that the same goes more to the merits of the appeal than to the decision of this preliminary motion. It would appear from respondent's affidavits that if he is correct in his contention, the judgment should be reversed, as in that event, the plaintiff, a sovereign foreign government, has never submitted itself to the jurisdiction of the trial court.

A still further consideration is that the record presented by respondent in support of his motion, conclusively shows that the facts argued as showing lack of authority on the part of appellant's attorney, go to the proposition that he never had authority to file the action or prosecute the same

in the trial court, while the respondent desires to maintain the judgment against the plaintiff there obtained. Even though a respondent may question the authority of an attorney to take an appeal, we think he may not at the same time rely upon an original authority to file the action, in support of a judgment in his favor, and attack that same authority to procced with an appeal, unless there be a clear and satisfactory showing that a change in authority has taken place after the entry of judgment.

For the reasons given, the motion to dismiss the appeal is denied.

Marks, Acting P. J., and Warmer, J., *pro tem.*, concurred.