[Crim. No. 6138. In Bank. Nov. 22, 1957.]

THE PEOPLE, Appellant, v. ROSARIO JOSEPH BOUCHARD, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Fred N. Whichello, Lewis Watnick and Robert Lederman, Deputy District Attorneys, for Appellant.

Gladys Towles Root in pro. per., Eugene V. McPherson and Joseph A. Armstrong for Movant.

GIBSON, C. J.—The People have appealed from an order granting a motion to set aside an information charging defendant with possession of a dangerous weapon, and Gladys Towles Root, the attorney who represented defendant in the trial court, seeks to quash service upon her of the appellant's opening brief.

When Mrs. Root was informed by the county clerk that a copy of the transcript was being sent to her, she wrote to the district attorney and to the clerks of the superior court and the District Court of Appeal stating that she was not the defendant's attorney on appeal and that all correspondence with respect to the appeal should be with defendant, whose address she did not know. Subsequently, appellant's opening brief was served on Mrs. Root, and she then appeared specially before the District Court of Appeal and moved to quash such service. In support of her motion, she filed an affidavit in which she states that she has not heard from defendant since the granting of the motion to set aside the information, that no arrangements for representation with or without fee have been made with him, and that she believes that she has no authority or right to represent him. The District Court of Appeal granted the motion, and this court granted a hearing.

It clearly appears that Mrs. Root was attorney of record for defendant in the trial court, and her claim, as indicated by her affidavit, is that her authority to act ceased when the superior court granted the motion to set aside the information.

■ It has been held that the presumption that an attorney of record has authority to appeal will prevail unless the appellant himself objects or there is a clear showing of lack of authority. (*United States of Mexico* v. *Rask*, 109 Cal. App. 497, 500-502 [293 P. 108]; see *Parkside Realty Co.* v. *MacDonald*, 167 Cal. 342, 346 [139 P. 805]; *Board of Commrs.* v. *Younger*, 29 Cal. 147, 149 [87 Am.Dec. 164]; cf. *Dodd* v. *Tebbetts*, 198 Cal. 333, 338 [244 P. 1081]; *Woodbury* v. *Nevada etc. Ry. Co.*, 120 Cal. 367, 369 [52 P. 650].) There would seem to be just as much reason to presume that an attorney who has obtained a favorable judgment has authority to protect it and to take any necessary steps to insure that it is not set aside or reversed. Accordingly, it has been held that service can be made upon the attorney of record after entry of judgment in a civil case where there has been no substitution in the manner prescribed by law. (*Grant* v. *White*, 6 Cal. 55, 56 [argument on motion for new trial]; *Sherman* v. *Panno*, 129 Cal.App.2d 375, 378-380 [277 P.2d 80] [notice of entry of judgment]; *Scarpel* v. *East Bay Street Rys. Ltd.*, 42 Cal.App.2d 32, 33 [115 P.2d 862] [notices of entry of judgment and denial of new trial]; *United States* v. *Curry*, 47 U.S. (6 How.) 106, 111-112 [12 L.Ed. 363] [citation to appellees to appear on appeal]; *Henderson* v. *Richardson Co.*, 25 F.2d 225, 226 [same]; see *Brown* v. *Arnold*, 131 F. 723, 725-726 [67 C.C.A. 125]; cf. *Reynolds* v. *Reynolds*, 21 Cal.2d 580, 584 [134 P.2d 251] [divorce, motion to modify child support]; *Russ* v. *Russ*, 68 Cal.App.2d 400, 405-406 [156 P.2d 767] [same].)

Section 284 of the Code of Civil Procedure provides: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other, except that in all civil cases in which the fee or compensation of the attorney is contingent upon the recovery of money, in which case the court shall determine the amount and terms of payment of the fee or compensation to be paid by the party." Section 285 provides: "When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney." It may be

noted that it would have been unnecessary to refer to "civil cases" in subdivision 2 of section 284 if that section had been intended to apply only to civil actions. No claim is made that there was any compliance with these sections.

■ Rule 30 of the Rules on Appeal states that the rules governing appeals from the superior court in civil cases shall be applicable to appeals in criminal cases "except where express provision is made to the contrary, or where the application of a particular rule would be clearly impracticable or inappropriate." Rule 48(b) provides: "Withdrawal or substitution of attorneys may be effected by serving and filing a stipulation in the reviewing court, signed by the party, the retiring attorney and any substituted attorney. In the absence of stipulation, withdrawal or substitution may be effected only by an order made pursuant to a noticed motion in the reviewing court. . . ." This rule is found in part VI of the rules under the heading of "General Provisions," and it is applicable to criminal appeals by reason of the provisions of rule 30. (See Witkin, *New Rules on Appeal*, 17 So. Cal. L. Rev. 232, 268-269.)

■ Rule 37 provides that the opening brief in criminal cases shall be "served and filed," and rule 40(f) states that the quoted words mean that such a document is to be accompanied by proof of service "on counsel for each adverse party who is represented by separate counsel." Rule 40(e) states that whenever "a notice is required to be given or served on a party such notice or service shall be made on his attorney of record, if he has one." In the light of sections 284 and 285 of the Code of Civil Procedure, rules 37, 40(e), 40(f) and 48(b) must be construed as providing that the opening brief on appeal is to be served on the counsel who was of record in the trial court in the absence of an effective change in status or authority. The attorney general was therefore entitled to consider Mrs. Root as the attorney for defendant.

There are two old decisions which held that a change of attorneys in a criminal case could be effected without compliance with sections 284 and 285 of the Code of Civil Procedure, but they involved a different type of problem from the one presented here. (*Ex parte Clarke*, 62 Cal. 490; *People* v. *Garnett*, 9 Cal.App. 194, 199-200 [98 P. 247].) In each instance the attorney who signed the notice of appeal came into the case without a formal substitution. However, his authority to act for the defendant was recognized by opposing counsel, and no one was prejudiced by the failure

to comply with the statutory requirements for substitution of attorneys. In upholding the authority of the new attorney, the court was protecting both the defendant's right to appeal and his right to be represented by counsel of his own choice. There is a statement in the Clarke opinion to the effect that sections 284 and 285 have no application to criminal cases, and the Garnett case, relying upon Clarke, contains a similar statement. The facts of those cases, however, did not compel such a broad determination, and any language in those opinions inconsistent with the views expressed herein is disapproved.

The motion to quash is denied.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.