[Crim. No. 2319. Fourth Dist., Div. Two. Aug. 30, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. PEDRO LARA GARABITO, Defendant and Appellant.

Arthur S. Black, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Bechefsky, Deputy Attorney General, for Plaintiff and Respondent.

McCABE, P. J.—Defendant appeals from a judgment of conviction after entry of a plea of guilty to the offense of violation of section 11530.5, Health and Safety Code, a lesser and included offense to the indicted charge of a violation of section 11531, Health and Safety Code.

Chronologically, the pertinent procedural events were: On October 7, 1964, defendant, represented by counsel of his choice, was arraigned on the indictment, informed of his legal rights, and the matter continued to October 16, 1964. On the latter date defendant, through counsel of his choice, made a motion under section 995, Penal Code, which motion was set for hearing and denied on October 30, 1964. On the same day defendant entered a plea of not guilty, waived statutory time for trial and the trial was set for December 28, 1964. On this latter date defendant appeared in court with counsel of his choice. To support defendant's request for a continuance of the trial on December 28, 1964, defendant's attorney executed a declaration under penalty of perjury. The form was printed except for handwritten insertions. In this declaration defendant's attorney made the following representation to the court: "William F. Garman is suffering from a bad head and chest cold, and has been for the last 5 days, and therefore feels that he is unable to give the defendant a proper defense." Upon this representation, the court continued the trial until January 27, 1965. Two days later and on December 30, 1964, defendant and his attorney, Mr. Garman, signed and filed in the official file in the clerk's office a "Substitution of Attorneys" which attempted to relieve Mr. Garman as defendant's attorney and substituted defendant in "pro. per." The purported substitution of attorneys was on the printed legal-sized paper of Mr. Garman. There was no affidavit of mailing and the prosecutor denied receiving notification of the "Substitution of Attorneys" until the morning of January 27, 1965. Between the date of the substitution and January 27, 1965, and without knowledge of the court or the prosecutor, Mr. Garman turned over the "file" to defendant. At the oral argument in this appellate court, counsel for defendant, appointed by this court to represent defendant,

stipulated that at all times during the proceedings in the trial court defendant had sufficient funds to employ and pay for his own counsel. On January 27, 1965, when the case was called for trial and with defendant present, the matter of the "Substitution of Attorneys" was discussed by the court and prosecution. On that date and upon the case being called, the following occurred: "THE COURT: . . .Do you want to go ahead without an attorney? THE DEFENDANT: No, sir, no, sir. The reason I talked to Mr. Garman about this is because I had another attorney I was going to retain. THE COURT: Is he here? THE DEFENDANT: No, sir, he is not. THE COURT: Will he be here a little later? THE DEFENDANT: Not that I know of. THE COURT: I thought you said you had another attorney? THE DEFENDANT: I just said I was figuring on getting another attorney. I couldn't get things straightened out with Mr. Garman. THE COURT: This is the date set for trial. Everybody is ready. I think you better call Mr. Garman and tell him that he didn't give notice of substitution and for him to get over here real quick. Will you call him, Mr. Bailiff? . . ."

Mr. Garman arrived and the court called *"People* v. *Garabito."* With Mr. Garman and defendant present, the court stated: "Well, as I understand the rule, in a criminal case if counsel wishes to withdraw, it must be upon application to the court and approved by the Court." MR. GARMAN: "I agree with that, your Honor, except in this case I thought . . . it wasn't my wish to withdraw, but I was dismissed by the client, and I thought a client could dismiss his attorney at any stage during the proceedings without application to the court. That is why, when I sent that in, I sent a declaration with it, your Honor, of the client. . . ."

A few minutes later after Mr. Garman consulted with his client the case was called.

Mr. Garman represented to the court the defense was not ready to proceed and asked for a continuance until "We can get Mr. Garabito other counsel or I have to represent him, as the case may be, or that Mr. Garabito represent himself. I don't know whether he is prepared to represent himself here today or not." The defendant gave a negative reply to this inquiry. Mr. Garman asked the judge presiding if it would be possible to appoint a public defender in the case. In substance the judge stated there was no proper and legal substitution of attorneys, no affidavit of mailing, and no notice to the prosecutor. The trial court indicated that since there was no proper substitution of attorneys Mr. Garman was attorney of record

and the proceedings would continue. The judge assigned the case to a department of the court for further proceedings.

Later that morning the defendant, in court with Mr. Garman, his attorney, moved for change of plea. The following took place: "MR. FREEMAN: Yes, People are ready. At this time, may the record show that the matter has been fully discussed with the defendant, Mr. Garabito, and his counsel, in chambers; and at this time the People are willing to accept a plea of guilty to the necessarily lesser included offense of a violation of section 11530.5 of the Health and Safety Code, a necessarily lesser included offense of the violation alleged in the indictment in this case, 11531 of the Health and Safety Code. THE COURT: And this has been thoroughly explained to you, has it not, Mr. Garabito? THE DEFENDANT: Yes, it has. THE COURT: And I understand it is your desire to enter a plea of guilty to that charge? THE DEFENDANT: Yes, sir. THE COURT: Very well. Let a plea of guilty be entered. MR. GARMAN: Request probation on that." On the record Mr. Garman asked the court if it would be necessary for him to appear on February 11th (the date set for the probation hearing). At first the trial judge stated it would not be necessary, but, when advised by the prosecutor the substitution wasn't properly noticed and wasn't done in open court, the following took place: "MR. FREEMAN: So I think at this time he was—are you making a motion to be relieved at this time? MR. GARMAN: Yes, sir. THE COURT: You are relieving your attorney, Mr. Garabito? THE DEFENDANT: Yes, sir. THE COURT: Very well. I'll make an order relieving Mr. Garman as Mr. Garabito's attorney."

On this appeal the defendant contends it was error for the court (1) to accept a guilty plea from a defendant who appeared without counsel, (2) to force upon him his discharged counsel without advising defendant of his right to counsel, (3) not to make a finding that defendant understood his right to counsel and freely waived it, all in violation of section 1018, Penal Code; *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 58, 77 L.Ed. 158, 84 A.L.R. 527]; *People* v. *Douglas,* 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964]; *Williams* v. *Kaiser,* 323 U.S. 471 [65 S.Ct. 363, 89 L.Ed. 398]; *People* v. *Ector,* 231 Cal.App.2d 619 [42 Cal.Rptr. 388].)

Factually, defendant misconceives his legal position. By a declaration filed on December 30, 1964, defendant agreed to discharge his present attorney and proceed *in propria persona.* ■ However, a valid substitution of counsel, even in a criminal case, requires notice of the substitution to the

adverse party. (Code Civ. Proc., §§ 284, 285; *People* v. *Bouchard,* 49 Cal.2d 438, 440-441 [317 P.2d 971] ; *In re Martinez,* 52 Cal.2d 808, 813 [345 P.2d 449].)

 The attempt to relieve counsel, therefore, was ineffectual as the trial judge indicated. Indeed, the court would have erred if counsel had been permitted to withdraw and defendant proceeded *in propria persona.* (*People* v. *Kerfoot,* 184 Cal.App.2d 622 [7 Cal.Rptr. 674].) The court was correct in refusing to permit counsel to withdraw under the circumstances when defendant indicated his unwillingness to proceed without counsel. Mr. Garman remained the attorney of record who had " '. . . the exclusive right to appear in court for his client and to control the court proceedings, *so that neither the party himself* (cases cited) nor another attorney (cases cited) can be recognized by this court in the conduct or disposition of this case (cases cited).' " (*People* v. *Merkouris,* 46 Cal.2d 540, 554-555 [297 P.2d 999], 52 Cal.2d 672 [344 P.2d 1].)

*In re Martinez,* 52 Cal.2d 808 [345 P.2d 449], petitioner, the attorney who represented defendant Martinez in trial court, sought a writ of habeas corpus contending that between the day when the trial date was set and the trial date, defendant appeared in court, expressed his willingness to proceed without counsel, requested permission to withdraw his plea of not guilty and enter a plea of guilty as charged, admitted he was armed with a deadly weapon, waived presentence report, waived time for sentencing, agreed he had no legal excuse to offer why judgment should not be pronounced, and was sentenced, all of which violated defendant's constitutional right to counsel. On the issue of counsel of record, the court in the *Martinez* case said: "The trial court erred in permitting Martinez to withdraw his plea of not guilty and plead guilty in petitioner's absence and without his consent so long as he remained attorney of record. The procedure set forth in sections 284 and 285 of the Code of Civil Procedure for a change of attorney applies to criminal as well as civil actions. (*People* v. *Bouchard,* 49 Cal.2d 438, 440-441 [317 P.2d 971] ; see Code Civ. Proc., §§ 22, 24.) Petitioner did not consent to a change of attorney, no notice was given him until after the final judgment, and no order for a change of attorney was entered by the court. Thus petitioner remained attorney of record, and the trial court erred in allowing Martinez to proceed in person. (Citations.) "

Applying the legal principles recited in *Merkouris, supra,*

and *Martinez, supra,* Mr. Garman was the attorney of record, had a right to appear in court for his client and control the court proceedings. ▮ Defendant's contention that in fact he was proceeding without an attorney without being advised of his right to counsel falls upon unfertile legal soil for he had the attorney of his choice during all of the proceedings. His desire that section 1018, Penal Code, be applied has like standing for he knew of his right to counsel, had counsel of his choice, who was the attorney of record, did not properly remove him, and his counsel was present to and did advise him.

The record reflects that after a conference between defendant and his counsel, defendant requested he be allowed to withdraw his plea of not guilty and enter a different plea. Upon this request being made and again in the presence of defendant's counsel, at length the court questioned defendant as to whether this procedure had been explained to him and if it was his desire to withdraw his previously entered plea for the purpose of entering another plea. To these inquiries the defendant gave intelligent affirmative answers. The court then granted the request. Defendant entered a plea of guilty to a lesser and necessarily included offense of violation of section 11530.5, Health and Safety Code.

We cannot concur with defendant that he did not have adequate advice of counsel. The record does not sustain that position and defendant fails to inform us wherein the representation by counsel of his choice was inadequate. As frequently occurs, defendants place themselves and their counsel and the court in untenable positions when they attempt, consciously or unconsciously, to play one factor against another. Here, defendant was represented by counsel of his choice, he attempts to substitute himself *in propria persona,* does not do so legally, knows he has right to counsel for he informed the court he thought of getting other counsel, has financial ability to do so, comes to the date of trial representing he does not wish to proceed without counsel, the court delays proceedings to have counsel of his selection present, after a conference with his attorney, changes his plea to guilty of a lesser and included offense, and then claims he had no counsel or inadequacy of counsel.

The legal point as to substitution, inadequacy of counsel and the showing to be made is somewhat illuminated in *People* v. *Mitchell,* 185 Cal.App.2d 507, 512 [8 Cal.Rptr. 319] : " 'The right of a defendant in a criminal case to have the assistance of counsel for his defense, guaranteed by the Federal and state Constitutions with some variations in scope, and in many

instances confirmed by statute, may include the right to have counsel appointed by the court for that purpose discharged or other counsel substituted, if it is shown or appears during the course of the prosecution that failure to do so would substantially impair or deny the right so guaranteed, but the right to such discharge or substitution is not absolute, in the sense that the court is bound to accede to its assertion without a sufficient showing or good reason to believe that the right to the assistance of counsel would be substantially impaired or in effect denied in case the request is not granted, and within these limits there is a field of discretion for the court. The right to such discharge or substitution is to this extent relative, and the authorities seem united in the view that if there is fair representation by competent assigned counsel, proceeding according to his best judgment and the usually accepted canons of criminal trial practice, no right of the defendant is violated by refusal to accede to his personal desire in the matter.' (157 A.L.R. 1225, at p. 1226.)''

Judgment affirmed.

Kerrigan, J., concurred.