[Crim. No. 6425. First Dist., Div. Three. Feb. 27, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RUBEN GLOVER, JR., et al., Defendants and Appellants.

Armando M. Menocal III, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci

and William D. Stein, Deputy Attorneys General, for Plaintiff and Respondent.

DAVID, J. pro tem.*—After a jury trial, appellants were each found guilty of attempted robbery in the first degree. (Pen. Code, §§ 664, 211.) Glover, who admitted three prior convictions, was found to have been armed during the attempt. On March 13, 1967, each was sentenced for the term prescribed by law, and thereupon appealed.

The direct evidence of Glover's attempted holdup of the Regal Gas Station at Seventh and Geary in San Francisco was unimpeached. He was arrested in fresh pursuit by passing motorcycle Officer Neville, after the gas station attendant, Krushinsky, directed him toward the fleeing Glover.

With Officer Neville in pursuit, Glover ran north on Eighth Avenue, and suddenly angled toward the curb where a 1960 Ford Thunderbird was parked. Its driver, appellant Roberson, was looking back at Officer Neville, and attempting to start the vehicle.

Officer Neville, gun in hand, directed Glover to stop; and directed Roberson to ''place his hands, keep his hands where I could see them and get out of the car.'' Roberson complied, asked why he was stopped, said ''that he hadn't done anything.'' ''Mr. Glover had stated something to the effect that I was stopping the wrong man, that he hadn't done anything. I asked Mr. Roberson at this time why he was parked at this location. He stated he was just waiting for his friend who had gone around the corner to use the restroom. At this point, Mr. Glover asked Mr. Roberson for the sweater. He said, 'Can I ask him' for his sweater, that he was cold. To which Mr. Roberson complied . . . The sweater was in the back seat of the car. He reached in and got it . . . he put the sweater on.''

The admission into evidence of these actions and conversations of the two appellants does not, as claimed, violate the rules of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Roberson was not in custody, but only in temporary detention for interrogation as to the reason for his presence there. No probable cause as to him had arisen, when he gave his exculpatory statement. (*Terry* v. *Ohio,* 392 U.S. 1, 22 [20 L.Ed.2d 889, 906, 88 S.Ct. 1868].) In this period of tempo-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

rary detention a warning under the *Miranda* formula was not required. (*People* v. *Manis,* 268 Cal.App.2d 653, 667-668 [74 Cal.Rptr. 423].) Such questioning was not more than preliminary investigation, not the process of interrogation which triggers the *Miranda* rules. (*People* v. *Mercer,* 257 Cal.App.2d 244 [64 Cal.Rptr. 861]; *People* v. *Autterson,* 261 Cal.App.2d 627, 636 [68 Cal.Rptr. 113]; *People* v. *Merchant,* 260 Cal. App.2d 875, 879 [67 Cal.Rptr. 459].)

Glover's request for his sweater, in Roberson's car, and the fact it was in the car, were important elements in the cases against both. The question by Glover, and his retrieval of the sweater, were volunteered, not in response to any interrogation at all. *Miranda* v. *Arizona, supra,* 384 U.S. 436, 478 [16 L.Ed.2d 694, 725, 88 S.Ct. 1602, 10 A.L.R.3d 974], expressly states that ''Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding. . . .'' (See also *People* v. *Mercer, supra,* 257 Cal.App.2d 244, 247-248.)

These conversations of appellants were the only statements made to or in the presence of the police. Being admissible and properly received at the trial, the rule of *People* v. *Aranda,* 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265] barring the use of inadmissible statements made by one defendant against a codefendant is inapplicable.

 Appellant Glover asserts that the trial judge committed prejudicial error in not permitting him to dismiss his counsel, on the second day of trial, assertedly ''because I don't feel I was represented as of now, all the evidence in the case hasn't been brought out so I would like to have another [attorney] . . . would like to dismiss Mr. McNamara as my attorney, as of right now he no longer represent me.''

For four months from the arraignment on October 28, 1966, Mr. McNamara, on the staff of the county public defender, had represented Glover, with no indication that he desired other representation or that he was dissatisfied, nor yet that he was able to employ other counsel.

Stating to the trial judge, ''I am able now to have better legal defense for myself now,'' he did not explain such sudden change of circumstances, nor did he indicate the name of any attorney he wished to substitute. The record indicates no deficiency in his legal representation. To continue the jury trial already in its second day and near its conclusion would have disrupted the orderly processes of justice. This would have been unreasonable under the circumstances of the case.

(Cf. *People* v. *Crovedi*, 65 Cal.2d 199, 208 [53 Cal.Rptr. 284, 417 P.2d 868].)

Likewise, no explanation was made of Glover's sudden ability to procure his own counsel, nor excuse for the dilatory request. The judge may well have concluded that Glover's sudden application was dilatory, prompted by a feeling the cause was going against him. The record, which is the best evidence, shows adequate representation. (*People* v. *Ives*, 17 Cal.2d 459, 477 [110 P.2d 408].) Since Glover asserted there was other evidence that should be brought out, the court properly directed him to confer with his attorney regarding it. Even in a criminal case, it is for the best interests of the client as well as judicial administration, that the attorney control the case. (*People* v. *Mattson*, 51 Cal.2d 777, 794 [336 P.2d 937].) The indicated nature of the further evidence does not compel any other conclusion.

Appellant was guaranteed the right to be defended by counsel (Cal. Const., art. I, § 13; Pen. Code, § 686); the duty of the court was discharged by the appointment of adequate counsel. ▮ Whether counsel should be relieved at the behest of defendant during trial depends upon the sound discretion of the trial court under all of the circumstances. ▮ The trial court did not abuse its discretion in this instance. (*People* v. *Garabito*, 244 Cal.App.2d 549, 554-555 [53 Cal.Rptr. 152], quoting *People* v. *Mitchell*, 185 Cal.App. 2d 507, 512 [8 Cal.Rptr. 319]; *People* v. *Farley*, 267 Cal. App.2d 214, 220-221 [72 Cal.Rptr. 855]; *People* v. *Bourland*, 247 Cal.App.2d 76, 85 [55 Cal.Rptr. 357]; *People* v. *Jackson*, 186 Cal.App.2d 307, 315-316 [8 Cal.Rptr. 849].)

▮ Where, as here, the attorney is court-appointed, the defendant must accept the attorney selected for him by the court in the exercise of a sound legal discretion; he is not entitled to an attorney of his own choosing. (*People* v. *Chessman*, 52 Cal.2d 467, 491 [341 P.2d 679].)

"However, a valid substitution of counsel, even in a criminal case, requires notice of the substitution to the adverse party. (Code Civ. Proc., §§ 284, 285; *People* v. *Bouchard*, 49 Cal.2d 438, 440-441 [317 P.2d 971]; *In re Martinez*, 52 Cal.2d 808, 813 [345 P.2d 449].) The attempt to relieve counsel, therefore, was ineffectual as the trial judge indicated. Indeed, the court would have erred if counsel had been permitted to withdraw and defendant proceeded in *propria persona*. (*People* v. *Kerfoot*, 184 Cal.App.2d 622 [7 Cal.Rptr. 674].)" (*People* v. *Garabito, supra*, 244 Cal.App.2d 549, 553.)

With Mr. McNamara still representing Glover without further objection at time for pronouncement of judgment, a motion for new trial was interposed on behalf of each defendant based upon all statutory grounds; Glover asserted personally that he desired a new trial to subpoena for testimony a bus driver "that carried him out that way the following night," and "Possible the other witness, people stay in one of the apartments round the area." No other grounds were elaborated. The motions were properly denied. The requirements of Penal Code section 1181, subdivision 8 were not met. The record does not disclose any request during the trial for a continuance to procure such witnesses, if in fact they existed and were identifiable; denial of a continuance for such alleged purpose under the showing here would not have been an abuse of discretion. (Pen. Code, § 1050.)

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.